IN RE FORECLOSURE OF LIENS FOR DELINQUENT TAXES.

[Cite as In re Foreclosure of Liens (1980),
62 Ohio St. 2d 333.]

(No. 79-439—Decided June 18, 1980.)

334

*Mr. Anthony G. Pizza,* prosecuting attorney, and *Mr. Nick Batt,* for appellee.

*Messrs. Simmons, McConnell, Peters, Taylor & Tolliver* and *Mr. James B. Simmons, Jr.,* for appellant.

PAUL W. BROWN, J.  Appellant challenges the notice provisions for tax lien foreclosures embodied in R. C. 5721.18(B) on the basis that such provisions are facially violative of due

process requirements imposed by the Fourteenth Amendment. Appellant also contends, in the alternative, that if the statute comports with due process, he was nonetheless denied his constitutional right to notice by the appellee's failure to adhere to the statute. For reasons stated herein, we reject appellant's first contention and agree with the second.

The statute in issue, R. C. 5721.18(B), provides, in its most pertinent parts, as follows:

"Proceedings for foreclosure that are commenced by the filing of a complaint after the end of the third year from the date on which the delinquency was first certified by the county auditor constitute an action *in rem*. Such action shall be instituted by filing in the office of the clerk of a court of competent jurisdiction, a complaint bearing a caption substantially in the form set forth in section 5721.181 of the Revised Code.***A complaint shall contain***the name and address of the last known owner of the parcel if the same appears on the general tax list***.

"(1) Within thirty days after the filing of a complaint, the clerk of court where such complaint was filed shall cause a notice of foreclosure***to be published once a week for three consecutive weeks in a newspaper of general circulation in the county.***Within thirty days after the filing of a complaint, the clerk shall also cause a copy of a notice***to be mailed by ordinary mail with postage prepaid to each person named in the complaint as being the last known owner of a parcel included therein. The notice shall be sent to the address of such person, as set forth in the complaint, and the clerk shall enter the fact of such mailing upon the appearance docket. In the event the name and address of the last known owner of a parcel included in a complaint is not set forth therein, the county auditor shall file an affidavit with the clerk of court stating that the name and address of the last known owner of such parcel does not appear on the general tax list."

The key provisions of the statute relevant to appellant's first claim, *i.e.*, that the statute does not facially comply with due process, are the requirements that notice of the foreclosure be published once a week for three consecutive weeks and that notice be sent, by ordinary mail, to those persons named in the complaint. Appellant contends that these

provisions do not satisfy the standards for notice required by the Due Process Clause.

The constitutionality of a notice mechanism is dependent upon the likelihood of its ultimate success in notifying an interested party of a pending action. The precise test was articulated by the United States Supreme Court in *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, wherein the court held, at page 314, that a method for providing notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Our inquiry, therefore, must be directed to whether the notice provisions of R. C. 5721.18(B) meet this "reasonably calculated" standard.

Notification through the mails was considered by this court in *Castellano* v. *Kosydar* (1975), 42 Ohio St. 2d 107, 110, wherein we determined that certified mail service is "reasonably calculated" to provide notice in accordance with the *Mullane* rule. Although the statute at issue in *Castellano*, R. C. 5739.13, provided for *certified* mail service, we do not believe that the absence of this requirement in R. C. 5721.18(B) reduces the notice mechanism below the constitutional level enunciated in *Mullane*. Indeed, *Mullane* acknowledged, at page 318, that notification "by ordinary mail to the record addresses" would comport with due process requirements.

Notification via publication is provided for in R. C. 5721.18(B) concomitantly to notification by mail. To the extent that the statute requires notification by both means, the General Assembly has exceeded the minimal constitutional safeguards mandated by *Mullane*. The constitutional question arises in cases where notification is attempted exclusively by publication. As the United States Supreme Court noted in *Mullane*, at page 315: "It would be idle to pretend that publication alone***is a reliable means of acquainting interested parties of the fact that their rights are before the courts. Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper***." Publication does play a legitimate, and necessary, role in our system of justice, however, when used as

a substitute in cases where it is not reasonably possible or practicable to give more adequate warning. *Mullane,* at page 317. The corollary to the above, and the general rule which emerges from *Mullane,* is that notice by publication is not adequate with respect to a person whose name and address are known or easily ascertainable and whose legally protected interests are directly affected by the proceedings in question. *Schroeder* v. *New York* (1962), 371 U. S. 208, 212-213. Even more specifically, the court in *Mullane,* at page 318, stated: "Where the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency."

We believe these principles are embodied in R. C. 5721.18(B). Notification by ordinary mail is to be used in all instances where the taxpayer's name and address appear on the general tax list. When this information is unavailable, notification by publication is permissible as the sole means of apprising interested parties of a pending action. This conforms with due process.

Turning from appellant's facial challenge to the statute, we now address appellant's second and essentially factual objection. It is contended that appellee, by mailing notice of the foreclosure to appellant's Forest Avenue address rather than his residence address on Searles Road, did not adhere to the notification requirements of R. C. 5721.18(B). Implicit in this objection is a belief that the statute contemplates the mailing of notice to a taxpayer's residence "address," and not the property being foreclosed upon, at least when such property is used exclusively for investment purposes. Because we construe this statute to conform only with the minimal standards required by due process, and because due process is a flexible concept demanding more, or less, depending upon particular factual circumstances, we are unable to impose a single meaning on the word "address" as used in R. C. 5721.18. We are restricted to saying that the address used must be such that a taxpayer may be "reasonably calculated" to be in receipt of the notice. In situations where a taxpayer supplies officials with an address, it may be fairly presumed that the taxpayer

can be reached at such address. Where as here, however, the official, *i.e.,* treasurer, had actual knowledge of a different, and, indeed, a *changed,* residence address, as evidenced by appellant's receipt of a 1976 tax statement from the treasurer at his Searles Road residence, we cannot say that notice would be "reasonably calculated" to reach the taxpayer when mailed to the older residence now used as investment property.

Appellant should not suffer the consequences of the treasurer's failure, either by mistake or inadvertence, to utilize information obviously within his possession. Accordingly, we hold that R. C. 5721.18(B), when construed in accordance with due process, required the treasurer to send notice of foreclosure by mail to appellant's residence address.

Appellant's second proposition of law is therefore sustained, and the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.