IN RE RINEHART,
ALLEGED DELINQUENT CHILD.

(No. 978—Decided July 1, 1983.)

*Mr. Richard G. Ward,* prosecuting attorney, and *Ms. Christine Henthorne,* for appellee.

*Mr. Alfred E. Baerkircher,* for appellant.

STEPHENSON, J. This is an appeal from a judgment entered by the Ross County Court of Common Pleas, Juvenile Division, ordering the confinement of appellant, Margaret Rinehart, a minor child, in a juvenile detention facility until payment of court costs. The appellant assigns the following error:

"Detention of a minor child who has been adjudged a juvenile delinquent, for failure to pay court costs, without a finding, after notice and hearing, of the child's ability to pay and contumacious behavior, is illegal and unconstitutional."

Four separate delinquency complaints were filed against appellant. In case No. 82 DEL 112, the complaint alleged that appellant violated R.C. 2917.11, disorderly conduct. In case No. 82 DEL 119, the complaint alleged that appellant committed an assault, in violation of R.C. 2903.13. In case No. 82 DEL 120, the complaint alleged appellant violated R.C. 2909.07, criminal mischief. In case No. 82 DEL 121, the complaint alleged appellant committed the crime of disorderly conduct, in violation of R.C. 2917.11.

The complaint in case No. 82 DEL 120 was dismissed. Appellant was found delinquent upon the three remaining charges. On May 10, 1982, the juvenile court entered a dispositional order upon each of the charges, fining appellant $50 and costs on each charge and suspending the payment of the *fine* upon the condition of six months' good behavior. On the date the dispositional order was entered, a request for a stay of execution for payment

of *costs* was made and granted by the court until May 24, 1982.

Throughout the entire proceedings in the juvenile court, appellant was indigent and represented by court-appointed counsel. On May 24, 1982, appellant, and her mother, Pearl Rinehart, requested a further stay of execution in regards to the payment of court costs in the amount of $110.90. In a letter to the juvenile court, file-stamped May 18, 1982, Mrs. Rinehart stated that she would be able to provide appellant with $110.90 on June 1, 1982 to pay the court costs. The record reflects that appellant's family was totally dependent upon welfare and possible future social security disability payments for income.

On May 24, 1982, the juvenile court denied appellant's request for additional time to pay the court costs and journalized the following entry:

"This matter having come on for further consideration of the Court, and the child having violated the order of this Court by failure to pay court costs, it is ordered that said child be remanded to the detention center until costs are paid."

Subsequently, on May 24, 1982, the trial court entered a second judgment entry ordering appellant confined in the juvenile detention facility for the reason that the welfare and best interests of the child required such detention under Juv. R. 7(A).

Appellant's assignment of error contends that the judgment entries of the juvenile court, ordering appellant's confinement, are unconstitutional in that appellant has been deprived of due process and equal protection and is being imprisoned for the failure to pay a debt.

We first consider appellant's claim that the order of the juvenile court is in violation of Section 15, Article I of the Ohio Constitution. Section 15, Article I of the Ohio Constitution provides as follows:

"No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud."

In *Strattman* v. *Studt* (1969), 20 Ohio St. 2d 95 [49 O.O.2d 428], the sixth and seventh paragraphs of the syllabus read as follows:

"6. The duty to pay court costs is a civil obligation arising from an implied contract.

"7. Obligations arising upon implied contracts and judgments thereon are debts, within the purview of Section 15, Article I of the Ohio Constitution, which forbids imprisonment for debt in civil actions. (Paragraph one of the syllabus of *Second National Bank of Sandusky* v. *Becker,* 62 Ohio St. 289, approved and followed.)"

In *Strattman,* at pages 102 to 103, Justice Duncan, writing for the court, stated, *inter alia,* the following:

"* * * [A] major distinction between fines and costs exists. In both criminal and civil cases, costs are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing the court system. As we view it, statutory provisions for payment of court costs were not enacted to serve a punitive, retributive, or rehabilitative purpose, as are fines.

"An indigent person taxed with costs in a civil action is not jailed to work off this obligation. Section 15, Article I of the Ohio Constitution, expressly prohibits imprisonment for civil debt. In criminal cases, court costs, assessed to defray the administrative costs of the litigation, are likewise subject to the same prohibition. The purpose of assessing costs in criminal and in civil cases is the same, and there is no justification for imprisonment for nonpayment of costs in criminal cases but not in civil cases. [Footnote omitted.]

"By being involved in court proceedings, any litigant, by implied contract, becomes liable for the payment of court costs if taxed as a part of the court's judgment. A judgment for costs in a criminal case is a civil, not a criminal, obligation, and may be collected only by the methods provided for the collection of

320

civil judgments. To hold otherwise would permit that which is constitutionally prohibited. As this court stated in 1900, 'money obligations arising upon contract, express or implied, and judgments rendered thereon, are debts within the purview of Section 15 of the [Ohio] Bill of Rights * * *.' *Second National Bank of Sandusky* v. *Becker,* 62 Ohio St. 289 (paragraph one of the syllabus)."

While delinquency proceedings are in a sense *sui generis* and broad discretionary authority is given the Ohio juvenile courts to implement the purpose provisions of R.C. 2151.01, we are unable to perceive any reason that would except juvenile court dispositions from the operation of Section 15, Article I of the Ohio Constitution, as the same was interpreted in *Strattman.*

The appellee contends that the order of the juvenile court was proper under R.C. 2151.02(B), and the juvenile court's powers of contempt under R.C. 2151.21. The flaw in appellee's argument is that any delinquency violation arising out of R.C. 2151.02(B) or any contempt citation for failing to pay the court costs would require application of the traditional due process requirements of notice and hearing. With regard to the juvenile court's May 24, 1982 judgment entry ordering appellant detained under Juv. R. 7(A), the record is devoid of any evidence that detention was required under Juv. R. 7(A), which is a rule applicable to proceedings prior to final disposition. The juvenile court's first judgment entry of May 24, 1982 is explicitly clear that detention was ordered for appellant's failure to pay the court costs. Finally, appellee argues that the conduct of appellant giving rise to the initial delinquency charges warrants the juvenile court's order of detention. The difficulty with such argument is that disposition has already been made of such charges, and that while the court could have ordered some form of detention under R.C. 2151.355, the court presumedly deemed it inappropriate and

ordered only the imposition and suspension of a fine contingent upon appellant's good behavior along with the assessment of costs.

In that we conclude that the trial court's order of detention is in violation of Section 15, Article I of the Ohio Constitution, we need not consider appellant's additional argument that such orders of the juvenile court are in violation of the Due Process and Equal Protection Clauses of the United States Constitution. In that regard see *Williams* v. *Illinois* (1970), 399 U.S. 235, 244, at fn. 20 [52 O.O.2d 281].

Appellant's assignment of error is sustained. The judgment of the trial court is reversed and final judgment is entered in favor of appellant.

*Judgment reversed.*

ABELE, P.J., and GREY, J., concur.