DECISION.
Intervening defendants-appellants Al Gammarino and Randy Howell have filed separate notices of appeal from the order overruling the objections to a magistrate's decision and granting relief from judgment. This court has consolidated the appeals under the number C-010214.
In 1991, title to real estate consisting of a clubhouse, a swimming pool, and other common recreational facilities at Willow Creek Condominiums was conveyed to defendant-appellee Willow Creek Homeowners' Association ("Willow Creek"). Management Plus Realty Service, Inc. ("Management Plus") served as the professional manager of the complex at Willow Creek until a time in 1996. While representing Willow Creek, Management Plus provided the following address as the mailing address of the property for tax purposes: "Willow Creek Homeowners Association, c/o Management Plus Realty, 8250 Winton Road, Level 100, Cincinnati, Ohio 45231." Management Plus paid tax bills due on the property through June 1993. In or around June 1993, Management Plus moved from its office at 8250 Winton Road to 8620 Winton Road. Willow Creek's relationship ended with Management Plus in 1996. Neither Management Plus nor Willow Creek informed the Hamilton County Treasurer that the tax bills should be sent somewhere else when Management Plus moved its offices in 1993, or when the agreement between Management Plus and Willow Creek was terminated.
In 1998, the Hamilton County Treasurer filed for foreclosure due to Willow Creek's failure to pay real estate taxes. Notice was sent to Willow Creek at the following address: "Willow Creek Homeowners Association, c/o Management Plus, 3500 Commons Circle, Cincinnati, OH 45251." The notice was returned unclaimed, and a second notice was sent to "Willow Creek Homeowners Association, c/o Management Plus, 8620 Winton Road, Suite 304, Cincinnati, OH 45231." The notice was again returned unclaimed. Thereafter, service by publication was employed.
Default judgment was entered against Willow Creek for failure to pay $102.45 in taxes. The property was then purchased by Howell at a sheriff's for $1049.81. Howell later assigned a portion of his interest to Gammarino.
In 1999, Willow Creek filed a motion for relief from judgment pursuant to Civ.R. 60(B)(5), alleging that the Hamilton County Treasurer and Auditor had failed to use "reasonable diligence" in ascertaining the address for service of process. Gammarino and Howell filed separate motions to intervene in the case. Their motions were granted.
A hearing was conducted on September 28, 2000. Following the hearing, a magistrate concluded that, because the treasurer had failed to meet the notification requirements of R.C. 3921.18, the foreclosure judgment was void ab initio, and the magistrate accordingly set aside the sheriff's sale. Howell and Gammarino filed objections to the magistrate's decision. After a hearing on the objections, the trial court overruled them and granted relief to Willow Creek.
Howell and Gammarino have filed separate briefs, but both briefs address the same issues. In Howell's first assignment of error, he maintains that the trial court erred when determining that service of process was not reasonably calculated to apprise Willow Creek of the foreclosure action. In his second assignment, Howell maintains that the trial court erred when it determined, in granting the motion for relief from judgment, that reasonable diligence was not used when attempting to notify Willow Creek about the foreclosure action. Gammarino argues, in his first assignment of error, that the trial court erred by finding that reasonable diligence was not used when notifying Willow Creek. And, in his second assignment of error, Gammarino alleges that the trial court erred when it determined that service of process was not sent to the address listed on the tax rolls. Because the assignments of error filed by Howell and Gammarino address the issue of whether service of process comported with R.C. 5721.18(B), we address them in the aggregate.
Preliminarily we note that, in Ohio, there are different tax foreclosure actions that may be commenced under Title 3 or Title 57. In the original complaint, the Hamilton County Treasurer's office did not cite the statute under which it sought relief. The magistrate found, and the trial court agreed, that the foreclosure proceedings were in rem and governed by R.C. 5721.18(B).
R.C. 5721.18(B) governs in rem actions, or actions brought against the property itself. It provides that the defendant in such an action shall be "[p]arcels of land encumbered with delinquent tax liens." The case here was subject to R.C. 5721.18(B) or (C).[1] Because Gammarino and Howell did not object to the trial court's determination that the action was governed by R.C. 5721.18(B), and because R.C. 5121.18(B) concerns actions brought against the property itself, we apply the notification requirements of section (B).
Pursuant to R.C. 5721.18(B), foreclosure proceedings may commence by the filing of a complaint two years after a delinquency has been certified by the auditor. Pursuant to R.C. 5721.18(B), a complaint shall contain the following: "permanent parcel number of each parcel included in it, the full street address of the parcel when available, a description of the parcel as set forth in the certificate or master list, the name and address of the last known owner of the parcel if they appear on the general tax list, the name and address of each lienholder and other person with an interest in the parcel identified in the title search relating to the parcel that is required by this division, and the amount of taxes, assessments, charges, penalties, and interest due and unpaid with respect to the parcel." Notice must be directed to an address reasonably calculated to reach a person entitled to the notice.[2]
In both briefs, Howell and Gammarino argue that the methods employed by the treasurer's office were reasonably calculated to apprise Willow Creek of the foreclosure action and sale. Howell and Gammarino contend thatJones v. Gammarino[3] is controlling in this case.
In Jones, the treasurer sent notice to the property owner by ordinary and certified mail at the address appearing on the general tax list, and when the notices were returned, notice by publication was used.[4]
Given those efforts, we held that the notice employed was reasonably calculated to apprise the property owner of the foreclosure action, and that the treasurer was not required to send notice to the owner at an address listed in the local phone directory.[5] Gammarino and Howell contend that because the treasurer sent two notices to Management Plus's more recent addresses, the treasurer's actions, like those taken inJones, were reasonably calculated to notify Willow Creek about the foreclosure action. We disagree.
While the treasurer mailed two notices by certified mail and then resorted to notice by publication, the treasurer did not mail the complaint to the address provided in the tax list for Willow Creek; instead the complaint was sent to Management Plus at a different address. The tax bill mailed from the treasurer's office listed the property owner as "Willow Creek Homeowners Assoc." The mailing address of Willow Creek was listed as "c/o Management Plus Realty, 8250 Winton Road Level 100, Cincinnati, OH 45231." The complaint named Willow Creek as a defendant, but the address was listed as "c/o Management Plus, 3500 Commons Circle, Cincinnati, Ohio 45251." From this, we conclude that the method employed by the treasurer's office was not reasonably calculated to notify Willow Creek, because the complaint was not sent to the address appearing on the tax list. Because notice was not sent to Willow Creek by certified mail at the address appearing on the tax list, we hold that the procedural requirements of R.C. 5721.18(B)(1) were not met by the treasurer's office.
In the absence of compliance with the notice requirements of R.C.5721.18(B)(1), the trial court did not have jurisdiction to enter default judgment against Willow Creek.[6] We hold, therefore, that the court did not err in setting aside the default judgment. The assignments of error are, accordingly, overruled, and the order granting relief pursuant to Civ.R 60 is affirmed.
Judgment affirmed.
Gorman, P.J., Painter and Sundermann, JJ.
[1] Notice requirements differ under R.C. 5721.18(B) and (C). Notably, R.C. 5721.18(C) does not require a title search, and the buyer takes the property subject to any other lien or encumbrance.
[2] See In re Foreclosure of Liens for Delinquent Taxes (1980),62 Ohio St.2d 333, 405 N.E.2d 1030, paragraph one of the syllabus, citingMullane v. Hanover Bank Trust Co., 339 U.S. 306, 70 S.Ct. 652.
[3] Jones v. Gammarino (March 28, 1990), 1st Dist. No. C-880747.
[4] See id.
[5] See id.
[6] Accord Kingery's Black Run Ranch, Inc. v. Kellough (2001), 4th District No. 00CA2549.