**In re KEPPERLING.**

[Cite as *In re Kepperling,* 166 Ohio App.3d 257, 2006-Ohio-1856.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 20539.

Decided April 14, 2006.

Angela S. Kepperling, appellant pro se.

James S. Armstrong, for appellee Barbara Buddendeck, CASA/GAL.

Gary C. Schaengold, for appellee Matthew Kepperling.

H. Steven Hobbs, for appellee Kenneth Wells.

GRADY, Presiding Judge.

{¶ 1} This is an appeal from an order of the juvenile court adopting a magistrate's decision that held the appellant, Angela Kepperling, in direct contempt for her refusal to reveal the location of her son, Matthew Kepperling, and that awarded temporary custody of Matthew to his paternal grandmother.

{¶ 2} Angela was the subject of a number of unresolved charges in contempt for her alleged refusal to permit Kenneth Wells, Matthew's father, to visit with Matthew pursuant to court orders. On June 2, 2003, attorneys for Matthew and for Barbara Buddendeck, Matthew's guardian ad litem, filed separate motions asking that Angela be ordered to show cause why she should not be found in contempt for preventing Kenneth's visitation and counseling sessions with Matthew. Angela was personally served with the motions and a notice of hearing on June 2, 2003. The contempt hearing was scheduled for June 6, 2003.

{¶ 3} At the June 6, 2003 hearing, Angela told the magistrate that she had retained an attorney, who was unable to attend because of a prior, conflicting obligation, and she requested a continuance to permit her attorney to attend to represent her. The magistrate granted Angela's request for a continuance with respect to the relief requested on the contempt charges. However, the magistrate took testimony concerning Angela's alleged refusal to allow visitation between Matthew and Kenneth. Based on the evidence presented, the magistrate found that clear and convincing evidence demonstrated that it was in Matthew's best interests that his interim temporary custody be awarded to his paternal grandmother. The magistrate granted Angela unsupervised visitation and Kenneth supervised visitation with Matthew.

{¶ 4} In order to effectuate the temporary custody order, the magistrate directed police to remove Matthew from Angela's care. However, Angela refused to reveal Matthew's location and, following questioning by the magistrate and the juvenile court, Angela was found in direct contempt for her refusal and was sentenced to serve a weekend in jail.

{¶ 5} Angela filed objections to the magistrate's decision. Her objections are not in the record before us. While those objections were pending, the parties entered into an agreed entry that was filed on January 23, 2004. Pursuant to the agreed entry, custody of Matthew was restored to Angela and the pending contempt charges were continued until further order of the court.

{¶ 6} On April 19, 2004, the juvenile court overruled Angela's objections and adopted the magistrate's decision. Angela filed a timely notice of appeal.

## FIRST ASSIGNMENT OF ERROR

{¶ 7} "The trial court erred in providing proper service of notice of hearing."

{¶ 8} Angela argues that the June 2, 2003 notice served on her to appear before the magistrate to defend against the pending contempt charges on June 6, 2003, allowed insufficient time for her new counsel to attend the contempt hearing. As a result, she was denied her right to due process of law in connection with the order of temporary custody, which was awarded to Matthew's grandmother, and the resulting finding of direct contempt based on Angela's refusal to reveal Matthew's location.

{¶ 9} The traditional due-process requirements of notice and opportunity to be heard apply to contempt proceedings in the juvenile court. *In re Rinehart* (1983), 10 Ohio App.3d 318, 10 OBR 523, 462 N.E.2d 448. When Angela objected to the short notice of the June 6, 2003 hearing, the magistrate continued the proceedings on the indirect contempt charges that had been alleged, avoiding any prejudice to Angela with respect to those charges that may have resulted from the short notice.

{¶ 10} Nevertheless, because of the allegations that were made in support of the contempt charges, the magistrate proceeded, without any prior notice, to take evidence relating to the issue of temporary custody and Matthew's best interest. The magistrate was authorized by Juv.R. 13(D) to take evidence for that purpose, "summarily and without prior notice." The magistrate was not prohibited from taking evidence on that issue merely because the same evidence might likewise relate to the contempt charges that had been continued. Evidence may be offered for more than one purpose.

{¶ 11} Angela states that, relying on her lawyer's prior advice concerning the contempt charges, she elected to stand mute with respect to the question of temporary custody. That was her decision. The fact that she acted on her lawyer's advice, though given in connection with a different issue, does not demonstrate that the magistrate acted improperly in issuing the temporary custody order.

{¶ 12} Angela was relieved of any prejudice she suffered as a result of the temporary custody order by the later agreed entry that restored Matthew's custody to her. Because the agreed entry superseded the magistrate's temporary custody order, the agreed entry also renders moot any error or abuse of discretion in the juvenile court's subsequent order of April 19, 2004, approving the magistrate's decision concerning the temporary order, from which this appeal was taken.

{¶ 13} The court's April 19, 2004 order also overruled Angela's objections to the magistrate's order finding her in direct contempt for failing to reveal Matthew's location. Pursuant to Juv.R. 40(C)(3)(c), the magistrate's contempt

order was reviewed and approved by the juvenile court on the same date, June 6, 2003. It was then final and appealable. R.C. 2505.02(B)(4).

{¶ 14} Angela failed to file a notice of appeal from the contempt finding and jail sentence within 30 days after June 6, 2003. App.R. 4(A). Therefore, we lack jurisdiction to review the assigned error with respect to the contempt finding in an appeal that Angela filed more than one year later, on May 19, 2004.

{¶ 15} The first assignment of error is overruled.

## SECOND ASSIGNMENT OF ERROR

{¶ 16} "The trial court erred in providing due process to appellant to fully present her case."

{¶ 17} Angela argues that her right to due process was violated by the magistrate's refusal to hear (1) testimony and evidence, including tapes from the victim witness division of the prosecutor's office, regarding Angela's allegations of sexual and physical abuse by Kenneth and (2) testimony by Matthew. Further, Angela contends that the trial court's order was based on reports and statements not made under oath or subject to cross examination.

{¶ 18} As we stated above, Angela's failure to file a timely notice of appeal from the juvenile court's June 6, 2003 order finding her in direct contempt prevents our review of these allegations. To the extent that they relate to the later order of April 19, 2004, overruling Angela's objections and adopting the magistrate's decision, the prior agreed order of January 23, 2004, rendered moot the juvenile court's decision and any prejudice Angela may have suffered as a result.

{¶ 19} The second assignment of error is overruled. The judgment of the juvenile court is affirmed.

Judgment affirmed.

FAIN and DONOVAN, JJ., concur.