OPINION
{¶ 1} The Champaign County Child Support Enforcement Agency ("CSEA") appeals from a judgment of the Champaign County Juvenile Court, which concluded that the magistrate acted within her discretion by requiring publication service to be by *Page 2 
newspaper publication, in accordance with the Rules of Civil Procedure, rather than by posting and mail, as permitted by the Juvenile Rules. Michael Smallwood, the appellee, has not filed an appellate brief. For the following reasons, the trial court's judgment will be affirmed.
 {¶ 2} The record reveals the following pertinent facts.
 {¶ 3} On November 22, 2004, Michael Smallwood was ordered to pay $73.12 per month in support of his minor child, I.U., plus an additional amount due to an existing arrearage. On July 14, 2006, CSEA filed a motion for contempt against Michael Smallwood for failure to pay child support. The agency alleged that Smallwood's last child support payment was received on March 7, 2005. A hearing was set for October 23, 2006.
 {¶ 4} In September and November 2006, CSEA attempted to serve Smallwood with the summons, motion, and notice of hearing, once by personal service and twice by certified mail. All three attempts were unsuccessful.
 {¶ 5} On December 13, 2006, CSEA filed an affidavit for service by publication, seeking permission to serve Smallwood by publication and ordinary mail pursuant to Juv.R. 16 and Champaign County Local Juv. R. 16. The request was granted. A Notice of Hearing was posted on the public bulletin board in the Champaign County Courthouse and on the main bulletin board at the Champaign County Community Center between December 18, 2006 and January 22, 2007.
 {¶ 6} On January 31, 2007, the magistrate continued the hearing until March 26, 2007, due to lack of service on Smallwood. Although the January 31, 2007 hearing transcript is not in the record, the magistrate apparently concluded that publication *Page 3 
service could only be effectuated through newspaper publication. CSEA filed objections to the magistrate's decision, arguing that publication service for a contempt proceeding could be accomplished by posting and mail and that newspaper publication was not required. CSEA indicated that service by newspaper publication would be cost-prohibitive.
 {¶ 7} On February 22, 2007, the trial court reviewed the magistrate's ruling, noting that Juv. R. 16 would allow publication by posting and mail but the Rules of Civil Procedure would not. The trial court concluded that the magistrate "chose to apply the Civil Rules which was appropriate and not an abuse of her discretion."
 {¶ 8} CSEA appeals from the trial court's ruling, raising two assignments of error, which we will address in reverse order.
 {¶ 9} II. "THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT THE CSEA DID NOT PERFECT SERVICE UPON APPELLANT THROUGH ITS USE OF PUBLICATION SERVICE BY POSTING PURSUANT TO JUVENILE RULE 16."
 {¶ 10} R.C. 2705.031 sets forth the procedure for a contempt action against a parent for failure to pay child support. Under that statute, an attorney for the child support enforcement agency may initiate the contempt action for failure to pay the support. R.C. 2705.031(B)(1). Although R.C. 2705.031(C) specifies what must be included in the summons to appear, the statute does not specify the manner in which the summons must be served. Rather, the statute indicates that the court may order the attachment of a person who fails to appear as ordered "[i]f the accused is served as required by the Rules of Civil Procedure or by any special statutory proceedings *Page 4 
that are relevant to the case[.]" R.C. 2705.031(D). By its language, R.C. 2705.031(D) contemplates service in accordance with the Rules of Civil Procedure as well as other methods of service.
 {¶ 11} Contempt proceedings in juvenile court must comply with the traditional due process requirements of notice and opportunity to be heard. In re Kepperling, 166 Ohio App.3d 257, 260, 2006-Ohio-1856,850 N.E.2d 119. "Due process requires that notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." In re Foreclosure of Liens (1980), 62 Ohio St.2d 333,405 N.E.2d 1030, paragraph one of the syllabus.
 {¶ 12} Ohio courts have divergent views on how service must be effectuated in contempt cases. Contrast Bierce v. Howell, Delaware App. No. 06 CAF 05 032, 2007-Ohio-3050 (Civil Rules regarding notice apply to cases of civil contempt) and Hansen v. Hansen (1999),132 Ohio App.3d 795, 800, 726 N.E.2d at 560-561 (personal service may be required under the Civil Rules depending upon the circumstances) with Courtney v.Courtney (1984), 16 Ohio App.3d 329, 475 N.E.2d 1284 (Civil Rules do not apply to contempt proceedings, which are not civil actions). We have stated that, "[i]nasmuch as there is no specified manner of process required for the filing of a motion for civil contempt, a person serving such a motion may do so in any manner authorized by the Ohio Rules of Civil Procedure." Quisenberry v. Quisenberry (1993), 91 Ohio App.3d 341,346, 632 N.E.2d 916. As stated above, by its language, R.C. 2705.031(D) contemplates service under the Rules of Civil Procedure.
 {¶ 13} R.C. 2705.031(D) indicates, however, that service in accordance with *Page 5 
relevant special statutory proceedings is also permissible and that service for contempt proceedings under R.C. 2705.031 is not confined to the Civil Rules. Proceedings in the juvenile division are special statutory proceedings. State ex rel. Fowler v. Smith (1994),68 Ohio St.3d 357, 360, 626 N.E.2d 950. Juv.R. 16, which sets forth service requirements for juvenile proceedings, provides: "Except as otherwise provided in these rules, summons shall be served as provided in Civil Rules 4(A), (C) and (D), 4.1, 4.2, 4.3, 4.5 and 4.6."
 {¶ 14} The portion of Juv.R. 16 which addresses service by publication differs from Civ.R. 4.4. Under Juv.R. 16, service by publication may be made by newspaper publication, by posting and mail, or by a combination of these methods. Id. By permitting the court to attach a person who has been served "as required * * * by any special statutory proceedings that are relevant to the case," R.C. 2705.031(D) suggests that service in accordance with Juv. R. 16 may be used in contempt actions in juvenile court, as long as such service comports with due process.
 {¶ 15} CSEA argues that publication by posting and mail comports with due process. The portion of Juv.R. 16 which addresses publication by posting and mail is modeled in part on Civ.R. 4.4(A)(2), which mandates posting and mail in divorce, annulment, or legal separation actions where the party's residence is unknown and the plaintiff is proceeding in forma pauperis. Staff Note to Juv.R. 16 (July 1, 1998 Amendment). As noted in the 1998 Staff Notes to Juv. R. 16, "[b]ecause most juvenile court cases are initiated by complaint being filed by a parent (e.g., custody and unruly cases) or by an agency of the state (e.g., delinquency and unruly complaints filed by police departments and board of education; neglect, dependency and abuse *Page 6 
complaints filed by children's services boards), the rationale which apparently supports Civ.R. 4.4(A)(2) would equally apply to juvenile court cases. Moreover, since the type of case and the status of the complainant should have no bearing on the method of service, the posting and mail form of publication should be permitted in all cases governed by the Juvenile Rules."
 {¶ 16} We find no basis in this case to conclude that Juv. 16 fails to provide the notice required by due process. Therefore, we hold that CSEA can serve an alleged contemnor in a contempt proceeding in juvenile court in accordance with the Juvenile Rules, which permits publication by posting and mail where the alleged contemnor's residence is unknown.
 {¶ 17} We note that Juv.R. 16 permits the court, by local rule, to determine which method or methods of publication shall be used. Champaign County Local Juv. R. 16.4, effective June 30, 2006, provided: "Service by publication shall be by posting unless otherwise specified by the Court or the party requesting service."[1] Based on the Rule, the trial court could have required CSEA to make service by newspaper publication. However, having granted CSEA permission to serve Smallwood through publication by posting and mail, i.e., the default method of publication, the court erred *Page 7 
in finding that such service was inadequate.
 {¶ 18} Upon review of the record, however, the trial court's error in this regard was harmless, because CSEA's service by posting and mail did not comply with Juv.R. 16. With regard to publication by posting, Juv.R. 16 provides:
 {¶ 19} "If service by publication is made by posting and mail, upon the filing of the affidavit, the clerk shall cause service of notice to be made by posting in a conspicuous place in the courthouse in which the division of the common pleas court exercising jurisdiction over the complaint is located and in additional public places in the county thathave been designated by local rule for the posting of notices pursuantto this rule. The number of additional public places to be designatedshall be either two places or the number of state representativedistricts that are contained wholly or partly in the county in which thecourthouse is located, whichever is greater. The notice shall contain the same information required to be contained in a newspaper publication. The notice shall be posted in the required locations for seven consecutive days. The clerk also shall cause the summons and accompanying pleadings to be mailed by ordinary mail, address correction requested, to the last known address of the party to be served. The clerk shall obtain a certificate of mailing from the United States Postal Service. * * *." (Emphasis added).
 {¶ 20} Champaign County Local Juv. R. 16.4 provides: "* * * Posting shall be on the Courthouse bulletin board and the main bulletin board at the County Community Center."
 {¶ 21} In the present case, the Chief Deputy Clerk of the Champaign County Juvenile Court certified that publication by posting was issued by posting a notice at *Page 8 
the Champaign County Courthouse and at the Champaign County Community Center. Although the clerk's certification indicated that a notice was posted at the locations stated in Local R. 16.4, there is no evidence that the notice was posted at the courthouse and at least two additional locations, as required by Juv.R. 16. Moreover, there is no indication in the record that Smallwood was served by mail to his last known address. Accordingly, although publication notice by posting and mail was permitted under R.C. 2507.031, the record reflects that CSEA failed to accomplish service by posting and mail in accordance with Juv.R. 16. Compliance with Local Juv.R. 16 was insufficient considering that the local rule did not include all of the requirements of Juv.R. 16. Accordingly, albeit for different reasons, neither the magistrate nor the trial court erred in concluding that CSEA's service by posting and mail was ineffective.
 {¶ 22} The second assignment of error is overruled.
 {¶ 23} I. "THE TRIAL COURT INCORRECTLY APPLIED AN ABUSE OF DISCRETION STANDARD OF REVIEW, RATHER THAN REVIEWING THE MAGISTRATE'S DECISION DE NOVO, WHEN IT APPROVED THE MAGISTRATE'S DECISION OF JANUARY 31, 2007."
 {¶ 24} In its first assignment of error, CSEA claims that the trial court erred in reviewing the magistrate's decision under an abuse of discretion standard, arguing that Juv.R. 40(D)(4)(d) required the court to conduct an "independent review" of the objected matters. In light of our disposition of the second assignment of error, based on our de novo review of the trial court's decision, any error on the part of the trial court concerning its standard of review is harmless. *Page 9 
 {¶ 25} The first assignment of error is overruled.
 {¶ 26} The judgment of the trial court will be affirmed.
BROGAN, J. and GRADY, J., concur.
[1] In its judgment entry overruling CSEA's objections to the magistrate's decision, the trial court indicated that it would revise Local Juv.R. 16. It reasoned that "upon reconsideration, the Court does not believe its local rule can override the contempt statute cited above and that the Magistrate was within her authority to use the Civil Rules." Local Juv. R. 16 was subsequently amended, effective March 15, 2007. Local Juv.R. 16.1 now provides that service of summons must be made in accordance with Juv.R. 16 "unless the Civil Rules of Procedure are applicable or applied by the Court." Local Juv.R. 16.4 states that service by publication "under Juvenile Rule 16 only, shall be by posting unless otherwise specified by the Court or the party requesting service * * *." *Page 1