OPINION
{¶ 1} Defendant-appellant F. William Brown appeals the decision of the Jefferson County Common Pleas Court denying his "Motion for Relief from Judgment and Memorandum of Law." This matter involves the sale of real property located at 974 North Sixth Street, Steubenville, Ohio. Brown failed to pay the delinquent taxes on this property and the Jefferson County Treasurer filed an action in the Common Pleas Court seeking tax foreclosure. The land was then sold at Sheriff's sale to intervenor-appellee Albert, LTD. The issue in this case is whether Brown's due process rights were violated, i.e. did the treasurer properly serve him with notice of the tax foreclosure and sale of the real estate. For the reasons stated below, the judgment of the trial court is affirmed.
 STATEMENT OF CASE {¶ 2} Brown bought parcel numbers 07-05754 and 07-06424, commonly known as 974 North Sixth Street, Steubenville, Ohio, in 1994. Brown operated a business at this address known as Tri-State Falcon Millennium. However, Brown does not currently live in Ohio and prior to the date of the hearing held in the Jefferson County Common Pleas Court on August 23, 2004, had not been to the address in Steubenville for two or three years. (Tr. 23). Rather, Brown is a resident of Gardena, California and manages the business from that location.
 {¶ 3} Since purchasing the land in 1994, Brown has not regularly paid his property taxes. The record shows that he has paid taxes on this property roughly twice in the ten years he owned the property, despite having received bills twice a year.
 {¶ 4} On April 12, 2004, notice was sent to Brown of the foreclosure proceeding that was instituted under R.C. 5721.18. Notice was sent both by ordinary and certified mail to the 974 North Sixth Street, Steubenville, Ohio address, the address the deeds show as the tax mailing address.
 {¶ 5} Both the ordinary and certified mail were returned to the Clerk of Courts marked by the United States Post Office as "Attempted Not Known." After the ordinary and certified mail attempts failed, a search was then done of the local phone book to reveal an address or telephone number for Brown. This search did not produce any results. Thus, as a final attempt, notice was attempted by publication in compliance with R.C. 5721.18(B) on three separate dates: April 20, 2004; May 7, 2004; and May 14, 2004.
 {¶ 6} Brown did not respond to any of the notices, nor did he pay his taxes. Thus, default judgment was granted on June 24, 2004. At the sheriff's auction on July 16, 2004, Albert, Ltd. was the highest bidder.
 {¶ 7} Brown then filed a Motion for Relief from Judgment. A hearing was held on August 23, 2004. At the hearing, Brown, his two employees Daniel Owen Kyler and Charles Thomas Stealey, and the postal worker who regularly delivered mail to the 974 North Sixth Street address, Scott Wright, testified.
 {¶ 8} Wright testified that he could not remember whether he delivered the foreclosure notices that were mailed by ordinary and certified mail because he sees "thousands of pieces of mail" every day. (Tr. 39). However, Wright also testified that he has previously had the workers, both Kyler and Stealey, at the 974 North Sixth Street address, refuse to accept mail for Brown by saying "He's not here, he's in California." (Tr. 40). He stated that this had happened probably about six times over the past year. (Tr. 40). He explained that when this happened he would take the mail back and if there is no change of address on file, then he would mark it "Attempted Not Known." (Tr. 45). He explained that the mark "Attempted Not Known" means "the mail piece has been attempted and the person is not there." (Tr. 38, 40, 41). Furthermore, he testified that he never had a change of address card for Brown. (Tr. 42).
 {¶ 9} Kyler and Stealey both denied the allegation that they refused mail. Brown additionally testified that he never instructed his employees to refuse mail. He explained that his business correspondence was sent to the 974 North Sixth Street address, but that the common practice is that Kyler and Stealey review the mail and if they feel that it is important they call Brown. Brown either has them open it and read it to him, or fax it to him. Kyler and Stealey then send all of the business mail to Brown in California by UPS every couple of days. Kyler and Stealey also confirmed that this was the practice.
 {¶ 10} In a journal entry dated September 29, 2004, the trial court stated that Kyler and Stealey were instructed by Brown to be selective in the mail that they received. It found that they rejected both the ordinary and certified mail attempts. It further stated that all the civil rules were followed and that the "notice was reasonably calculated to reach the owner and that it would have in fact done so had he not stiff armed service by having his employees screen his mail." Accordingly, the trial court overruled the motion to vacate default judgment. Brown appeals that decision raising one assignment of error.
 ASSIGNMENT OF ERROR {¶ 11} "The court of common pleas of Jefferson County, Ohio erred in finding that the defendant, F. William Brown, was properly served by the Jefferson County treasurer with a notice of foreclosure sale of his property."
 {¶ 12} An appellate court reviews a trial court's decision on a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion standard of review. Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 11. In order to obtain relief from a judgment pursuant to Civ.R. 60, a party must demonstrate:
 {¶ 13} "(1) [T]he party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 14} Brown argues that the trial court abused its discretion in denying his motion for relief from judgment because his due process rights were violated when he was not properly served with notice of the proposed sale of his real property. A failure of service of notice constitutes good grounds for a trial court to vacate a judgment pursuant to Civ.R. 60(B)(5). Rogers v. United Presidential Life Ins. Co. (1987),36 Ohio App.3d 126, 128; Rafalski v. Oates (1984), 17 Ohio App.3d 65,66-67.
 {¶ 15} The United States Supreme Court in Mullane v. Central HanoverBank Trust Co. (1950), 339 U.S. 306, 314, stated that the method for providing notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Thus, the question presented is whether the method of providing notice in this case was reasonably calculated, under all circumstances, to apprise Brown of the pendency of the foreclosure action.
 {¶ 16} R.C. 5721.18(B)(1) is the statutory provision in Ohio that provides the notice method for foreclosure actions. It states:
 {¶ 17} "Within thirty days after the filing of a complaint, the clerk of the court in which the complaint was filed shall cause a notice of foreclosure substantially in the form of the notice set forth in division (B) of section 5721.181 of the Revised Code to be published once a weekfor three consecutive weeks in a newspaper of general circulation in thecounty.
 {¶ 18} "* * *
 {¶ 19} "Within thirty days after the filing of a complaint and before the final date of publication of the notice of foreclosure, the clerk of the court also shall cause a copy of a notice substantially in the form of the notice set forth in division (C) of section 5721.181 of the Revised Code to be mailed by certified mail, with postage prepaid, to each person named in the complaint as being the last known owner of a parcel included in it, or as being a lienholder or other person with an interest in a parcel included in it. The notice shall be sent to the address of each such person, as set forth in the complaint, and the clerk shall enter the fact of such mailing upon the appearance docket. If the name and address of the last known owner of a parcel included in a complaint is not set forth in it, the auditor shall file an affidavit with the clerk stating that the name and address of the last known owner does not appear on the general tax list."
 {¶ 20} Previously, the Ohio Supreme Court has addressed the issue of whether a similar version of R.C. 5721.18(B) provided for notice that met the "reasonably calculated" standard that was enumerated by the United States Supreme Court. In re Foreclosure of Liens for Delinquent Taxes
(1980), 62 Ohio St.2d 333.[1] It found that if R.C. 5721.18(B) was followed then the notice was reasonably calculated, under all circumstances, to apprise the interested parties of the foreclosure action. Accordingly, if the mandates of the statute were followed in this case then no due process violation occurred. As a result, the trial court would not have erred in denying Brown's motion to vacate default judgment.
 {¶ 21} The record before this court is clear that as far as notice by publication is concerned the treasurer complied with the statute.[2]
Furthermore, it is clear that the treasurer attempted to have the notice served by certified and ordinary mail. However, the certified and ordinary mail were returned and marked by the mail carrier as "Attempted Not Known." The dispute in this case arises from whether this indication as "Attempted Not Known," shows that the mail attempt was "reasonably calculated" to reach Brown.
 {¶ 22} Brown relies on In re Foreclosure Liens for Delinquent LandTaxes v. Parcels of Land Encumbered with Delinquent Tax Liens (Sept. 4, 1997), 10th Dist No. 97APE02-197, for the proposition that the post office's handling of the certified and ordinary mail by marking it "Attempted Not Known, provided notice to the Treasurer that service was not "reasonably calculated" to give Brown notice of the foreclosure action.
 {¶ 23} In Parcels of Land Encumbered with Delinquent Tax Liens, a residential foreclosure action was initiated by the Franklin County Treasurer. An attempt to serve a copy of the complaint was made by certified mail to a post office box. The service failed and the complaint was returned to the clerk of courts without explanation, meaning none of the possible reasons for nondelivery were checked on the envelope or other otherwise indicated. The clerk made no other attempts to serve the complaint through mail. However, the clerk did cause a notice of the action to be advertised in a local newspaper. Default judgment was later granted against the property owner. The property owner then filed a motion to vacate judgment pursuant to Civ.R. 60(B). The trial court granted the motion stating that the property owner did not have proper notice. However, upon a motion for reconsideration by the purchasers of the property, the trial court reversed its prior judgment thereby denying the motion to vacate default judgment.
 {¶ 24} On appeal, the Tenth Appellate District reversed the trial court's decision and found that the notice provided was not reasonably calculated to reach the original property owner. Id. It explained that, "the failure of the postal officials to indicate the reason for nondelivery made the Treasurer aware that service reasonably calculated to give interested parties notice could not be presumed to have occurred." Id. It went on to explain that the record in the case contained no evidence "that the notice was ever placed in appellant's post office box, was refused, or was not claimed." Id.
 {¶ 25} Parcels of Land Encumbered with Delinquent Tax Liens does not support the position that the trial court's judgment must be reversed. Rather, it tends to lend support affirming the trial court's decision. In that case, the Tenth Appellate District stated, "[i]n determining whether due process has been satisfied, it is necessary to examine each case upon its particular facts to determine if notice was reasonably calculated to reach the interested party." Id., citing Regional Airport Auth. v.Swinehart (1980), 62 Ohio St.2d 403, 407.
 {¶ 26} The particular facts in the matter at hand indicate that the notice was reasonably calculated to reach Brown. Wright explained that occasionally Kyler and/or Stealey would refuse to accept mail for Brown by saying "He's not here, he's in California." (Tr. 40). When this happened he would take the mail back and since Brown had no change of address on file, Wright would mark the mail "Attempted Not Known." (Tr. 42, 45). He explained that the mark "Attempted Not Known" means "the mail piece has been attempted and the person is not there." (Tr. 38, 40, 41). Thus, Wright's testimony, if believed, indicates that the mail was in essence refused.
 {¶ 27} We do acknowledge that Kyler, Stealey, and Brown all testified that Kyler and Stealey did not refuse any mail. Thus, the testimony of Wright was in conflict with the testimony of Kyler, Stealey, and Brown. As such, it was a credibility question for the trial court to determine.
 {¶ 28} The trial court stated that it believed Wright and found that the mail was refused. As to the believability of witnesses, the trial court's judgment must stand since it is in the best position to view the witnesses, observe their demeanor, gestures, and voice inflections.Seasons Coal Co., Inc. v. City of Cleveland (1984), 10 Ohio St.3d 77, 80. Accordingly, Wright's testimony established that when the mail was refused by Kyler and/or Stealey on behalf of Brown, he would mark it "Attempted Not Known." Therefore, since the mail, both ordinary and certified, was refused, it must be concluded that it was reasonably calculated to apprise Brown of the action.
 {¶ 29} Furthermore, the case at hand and Parcels of Land Encumberedwith Delinquent Tax Liens are factually distinguishable for two reasons.
 {¶ 30} First, in Parcels of Land Encumbered with Delinquent TaxLiens, the post office did not indicate why the certified mail was returned. In the matter at hand, the post office did indicate why the certified mail was returned. It was marked "Attempted Not Known." Wright explained that the mark "Attempted Not Known" means "the mail piece has been attempted and the person is not there." (Tr. 38, 40, 41).
 {¶ 31} Second, in Parcels of Land Encumbered with Delinquent TaxLiens, the treasurer made no additional other attempts (other than certified mail) to serve the interested party. In the instant matter, service was additionally attempted through ordinary mail, which was also returned marked "Attempted Not Known." Moreover, since there was no change of address card for Brown, no further attempts could be made by the post office to deliver the mail. Thus, the ordinary and certified mail marked "Attempted Not Known" did not indicate to the treasurer that the notice was not reasonably calculated to apprise Brown of the foreclosure action.
 {¶ 32} Brown additionally contends that the treasurer could have taken further action to attempt to locate Brown. This argument fails.
 {¶ 33} In Hall v. Parcels of Land Encumbered with Delinquent TaxLiens (June 15, 1995), 10th Dist. No. 99APE10-1463, the appellate court found that due process was not violated when a property owner failed to change the tax mailing address pursuant to R.C. 323.13 and the foreclosure notice was sent only to the tax mailing address on the property's deed. R.C. 323.13 states: "A change in the mailing address of any tax bill shall be made in writing to the county treasurer." Thus, R.C. 323.13 explicitly places the burden on the property owner to advise the treasurer of any change in the tax billing address. As the Hall court explained, "[w]hen an address is supplied by the taxpayer, it is fairly presumed that information sent to the taxpayer at that address is reasonably calculated to reach the intended addressee." Id.
 {¶ 34} As the treasurer indicates, the tax mailing address on the deed is the same as the address on the general tax list. This is where the notice was sent. Brown failed to provide the treasurer with any updated tax mailing address. Consequently, the treasurer did what was necessary to have the notice reach Brown. Regardless, the treasurer contends that it searched the local phone book to reveal any other address where Brown may be located. This search was fruitless. Accordingly, even though it was not the treasurer's duty to make additional attempts to locate Brown's address when it did, these attempts were futile. Thus, this argument fails.
 {¶ 35} Accordingly, since the treasurer attempted to notify Brown by certified mail that was reasonably calculated to reach Brown, attempted to notify Brown by ordinary mail that was also reasonably calculated to reach Brown, and published the notice in the local newspaper in accordance with R.C. 5721.18(B)(1), no due process violation occurred. Thus, the trial court's denial of the Civ.R. 60(B) motion for relief from judgment is upheld.
 {¶ 36} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, P.J., concurs.
Waite, J., concurs.
[1] The difference between the version addressed in In re Foreclosureof Liens for Delinquent Taxes and the current version of the statute is that the prior version, in addition to requiring service by publication, required service to be made by ordinary mail. The current version of the statute requires, in addition to service by publication, that service to be made by certified mail.
[2] Brown admits that notice by publication was satisfied.