OPINION
{¶ 1} Defendant-appellant, Keymarket of Ohio, LLC (Keymarket), appeals a decision of the Jefferson County Common Pleas Court denying its "Motion to Vacate Foreclosure, Judgment and Order of Sale" filed pursuant to Civ.R. 60(B). This case involves property owned by Keymarket which was foreclosed upon and sold. The sole issue is whether Keymarket received proper notice of the foreclosure proceedings.
 {¶ 2} Keymarket operates TV and radio stations in Jefferson County, Ohio. On March 21, 2000, Keymarket bought property (parcel number 53-00006-000) also located in Jefferson County on which is located its antenna facilities for those stations. When Keymarket recorded the deed on June 2, 2000, it listed a tax mailing *Page 3 
address of P.O. Box 270, Brownsville, PA 15416. However, that post office box had been closed in May 2000, and Keymarket requested that the post office forward its mail to 123 Blaine Road, Brownsville, PA.
 {¶ 3} After purchasing the property in 2000, Keymarket made only one tax payment in 2001. The taxes for 2001 were not paid in full and the property was certified delinquent in 2002.
 {¶ 4} On September 22, 2005, plaintiff-appellee, Jefferson County Treasurer, filed a complaint seeking foreclosure of the Keymarket property. Notice was sent that same day by ordinary and certified mail to the P.O. Box 270, Brownsville, PA 15416 address listed by Keymarket as the tax bill mailing address. Both the ordinary and certified mail were returned to the Clerk of Courts marked by the United States Post Office as "Not Deliverable As Addressed — Unable To Forward — Return To Sender." After the ordinary and certified mail attempts failed, the Clerk of Courts searched the local phone book for an address or telephone number for Keymarket and found nothing. Thus, as a final attempt, notice was attempted by publication in compliance with R.C.5721.18(B) on three separate dates: October 7, 2005; October 14, 2005; and October 21, 2005.
 {¶ 5} After no response from Keymarket, the Treasurer filed a motion for default judgment on January 25, 2006. The trial court granted the motion and ordered the sale. Notice of the sale was also published on three separate dates. The sale was held on February 24, 2006, and intervenor-appellee, Terry Keller (Keller), purchased the property.
 {¶ 6} On July 19, 2006, Keymarket filed a motion for relief from judgment arguing denial of due process because of inadequate service. Specifically, Keymarket argued that under principles of due process, service was not reasonably likely to put it on notice given the circumstances of this case. Keymarket alleged numerous facts, including that the Treasurer had actual knowledge of Keymarket's location. Keymarket also argued that other viable addresses for it were readily available by other means (i.e., investigation), including the internet. The Treasurer *Page 4 
responded and a hearing was held on July 31, 2006. At the hearing, counsel for Keymarket, the Treasurer, and Keller each presented their respective arguments to the trial court and it took the matter under advisement. On August 29, 2006, the trial court denied Keymarket's motion for relief from judgment finding that the notice procedures set forth under the Ohio Revised Code were followed and that the Treasurer was not required under the code to go above and beyond that. This appeal followed.
 {¶ 7} Keymarket's sole assignment of error states:
 {¶ 8} "The Court of Common Pleas of Jefferson County, Ohio erred in disregarding circumstances establishing that the County's methods of notifying the taxpayer of an action against its property were not reasonably calculated to inform the taxpayer."
 {¶ 9} Keymarket's statement of the issue is:
 {¶ 10} "Whether the Common Pleas Court of Jefferson County, Ohio committed error by finding that the County's methods of service were reasonably likely to put the property owner on notice under the circumstances."
 {¶ 11} A trial court may only grant relief from judgment in the manner provided by Civ.R. 60. In re Estate of Dotson, 7th Dist. No. 01-CA-97, 2002-Ohio-6889, at ¶ 18. The standard of review used to evaluate the trial court's decision to deny or grant a Civ.R. 60(B) motion is abuse of discretion. Preferred Capital, Inc. v. Rock N Horse, Inc., 9th Dist. No. 21703, 2004-Ohio-2122, at ¶ 9. "`Abuse of discretion' means unreasonable, arbitrary, or unconscionable." State ex rel. Cranford v.Cleveland, 103 Ohio St.3d 196, 2004-Ohio-4884, 814 N.E.2d 1218, ¶ 24.
 {¶ 12} The Ohio Supreme Court set out the controlling test for Civ.R. 60(B) motions in GTE Automatic Elec, Inc. v. Arc Industries, Inc.
(1976), 47 Ohio St.2d 146, 351 N.E.2d 113. The court stated:
 {¶ 13} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. *Page 5 
60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at paragraph two of the syllabus.
 {¶ 14} The grounds for relief under the second GTE element are:
 {¶ 15} "(1) [M]istake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment." Civ.R. 60(B).
 {¶ 16} Keymarket argues that the trial court abused its discretion in denying its motion for relief from judgment because its due process rights were violated when it was not properly served with notice of the proposed sale of the subject property. A failure of service of notice constitutes good grounds for a trial court to vacate a judgment pursuant to Civ.R. 60(B)(5). Rogers v. United Presidential Life Ins. Co. (1987),36 Ohio App.3d 126, 128, 521 N.E.2d 845; Rafalski v. Oates (1984),17 Ohio App.3d 65, 66-67, 477 N.E.2d 1212.
 {¶ 17} Before the State can take property and sell it, due process requires that the State provide the property owner with notice of the action affecting the property. The United States Supreme Court inMullane v. Central Hanover Bank Trust Co. (1950), 339 U.S. 306, 314,70 S.Ct. 652, 94 L.Ed. 865, stated that the method for providing notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Thus, the question presented is whether the method of providing notice in this case was reasonably calculated, under all circumstances, to apprise Keymarket of the pendency of the foreclosure action. *Page 6 
 {¶ 18} R.C. 5721.18, entitled "Foreclosure proceedings on lien of state," is the statutory provision in Ohio that provides the notice method for tax lien foreclosure actions. It should be noted that a proceeding to foreclose a tax lien under R.C. 5721.18 is essentially one in rem and not in personam; it operates on the land itself and not on the title of the one in whose name the property is listed for taxation.Hunter v. Grier (1962), 173 Ohio St. 158, 161, 180 N.E.2d 603. This fact is clearly conveyed in R.C. 5721.18(B), which expressly calls the action one in rem. It states in relevant part:
 {¶ 19} "(B) Foreclosure proceedings constituting an action in rem may be commenced by the filing of a complaint after the end of the second year from the date on which the delinquency was first certified by the auditor. * * *
 {¶ 20} (1) Within thirty days after the filing of a complaint, the clerk of the court in which the complaint was filed shall cause a notice of foreclosure substantially in the form of the notice set forth in division (B) of section 5721.181 of the Revised Code to be published once a week for three consecutive weeks in a newspaper of general circulation in the county.
 {¶ 21} "* * *
 {¶ 22} "Within thirty days after the filing of a complaint and before the final date of publication of the notice of foreclosure, the clerk of the court also shall cause a copy of a notice substantially in the form of the notice set forth in division (C) of section 5721.181 of the Revised Code to be mailed by certified mail, with postage prepaid, to each person named in the complaint as being the last known owner of a parcel included in it, or as being a lienholder or other person with an interest in a parcel included in it. The notice shall be sent to the address of each such person, as set forth in the complaint, and the clerk shall enter the fact of such mailing upon the appearance docket. If the name and address of the last known owner of a parcel included in a complaint is not set forth in it, the auditor shall file an affidavit with the clerk stating that the name and address of the last known owner does not appear on the general tax list." *Page 7 
 {¶ 23} Previously, the Ohio Supreme Court has addressed the issue of whether a similar version of R.C. 5721.18(B) provided for notice that met the "reasonably calculated" standard that was enumerated by the United States Supreme Court. In re Foreclosure of Liens (1980),62 Ohio St.2d 333, 405 N.E.2d 1030.[1] It found that if R.C. 5721.18(B) was followed, then the notice was reasonably calculated, under all circumstances, to apprise the interested parties of the foreclosure action. Accordingly, if the mandates of the statute were followed in this case, then no due process violation occurred. As a result, the trial court would not have erred in denying Keymarket's motion to vacate default judgment.
 {¶ 24} In this case, there is no dispute that the Clerk of Courts complied with R.C. 5721.18(B). On September 22, 2005, notice was sent by ordinary and certified mail to the P.O. Box 270, Brownsville, PA 15416 address, the last known address listed on the general tax list. After that mail was returned, the Clerk of Courts conducted notice by publication. Therefore, since R.C. 5721.18(B) was complied with, the notice was reasonably calculated, under all circumstances, to apprise the interested parties of the foreclosure action. In re Foreclosure ofLiens (1980), 62 Ohio St.2d 333, 405 N.E.2d 1030. This court has held similarly in Jefferson Cty. Treasurer v. Brown, 7th Dist. No. 04 JE 30,2005-Ohio-2933, at ¶ 20.
 {¶ 25} As indicated earlier, the United States Supreme Court inMullane v. Central Hanover Bank Trust Co. (1950), 339 U.S. 306, 314,70 S.Ct. 652, 94 L.Ed. 865, stated that the method for providing notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Citing to that decision and its progeny, Keymarket repeatedly seizes upon the language "under all the circumstances." Keymarket believes that "under all the circumstances" mandates that a trial court consider "under all the circumstances" on a case-by-case basis to *Page 8 
determine if the notice provided was reasonably calculated to reach the interested party.
 {¶ 26} Part of the "circumstances" of which Keymarket is referring to in this case is actual knowledge on the part of Jefferson County officials of a different, changed address for Keymarket. Keymarket citesIn re Foreclosure of Liens, supra, in support. In that case, the auditor certified the real estate taxes on 1513 Forest Avenue, which was a rental property, as delinquent. A few years later, the treasurer mailed a tax bill to the taxpayer at his residence address on Searles Road. The taxpayer paid only a portion of the bill, leaving a deficiency. There was no further correspondence between the auditor or treasurer and the taxpayer. About a year later, the treasurer commenced foreclosure proceedings sending mail notice to the Forest Avenue address, not the taxpayer's Searles Road address, and conducting published notice. The property was sold, the taxpayer filed a motion to vacate the sale, the common pleas court overruled the motion, and the court of appeals affirmed.
 {¶ 27} After finding that R.C. 5721.28(B) conformed with the due process mandates of Mullane, the Ohio Supreme Court went on to add:
 {¶ 28} "Turning from appellant's facial challenge to the statute, we now address appellant's second and essentially factual objection. It is contended that appellee, by mailing notice of the foreclosure to appellant's Forest Avenue address rather than his residence address on Searles Road, did not adhere to the notification requirements of R.C.5721.18(B). Implicit in this objection is a belief that the statute contemplates the mailing of notice to a taxpayer's residence `address,' and not the property being foreclosed upon, at least when such property is used exclusively for investment purposes. Because we construe this statute to conform only with the minimal standards required by due process, and because due process is a flexible concept demanding more, or less, depending upon particular factual circumstances, we are unable to impose a single meaning on the word `address' as used in R.C.5721.18. We are restricted to saying that the address used must be such that a *Page 9 
taxpayer may be `reasonably calculated' to be in receipt of the notice. In situations where a taxpayer supplies officials with an address, it may be fairly presumed that the taxpayer can be reached at such address. Where as here, however, the official, i.e., treasurer, had actual knowledge of a different, and, indeed, a changed, residence address, as evidenced by appellant's receipt of a 1976 tax statement from the treasurer at his Searles Road residence, we cannot say that notice would be `reasonably calculated' to reach the taxpayer when mailed to the older residence now used as investment property.
 {¶ 29} "Appellant should not suffer the consequences of the treasurer's failure, either by mistake or inadvertence, to utilize information obviously within his possession. Accordingly, we hold that R.C. 5721.18(B), when construed in accordance with due process, required the treasurer to send notice of foreclosure by mail to appellant's residence address." (Emphasis sic.) In re Foreclosure of Liens,62 Ohio St.2d at 337-338, 405 N.E.2d 1030.
 {¶ 30} Keymarket argues that the post office's handling of the regular and certified mail by marking it "Not Deliverable As Addressed — Unable To Forward-Return To Sender," provided notice to the Treasurer that service was not "reasonably calculated" to give it notice of the foreclosure action. Keymarket cites In re Foreclosure of Liens forDelinquent Land Taxes v. Parcels of Land Encumbered with Delinquent TaxLiens (Sept. 4, 1997), 10th Dist. No. 97APE02-197, in support.
 {¶ 31} In Parcels of Land Encumbered with Delinquent Tax Liens, a residential foreclosure action was initiated by the Franklin County Treasurer. An attempt to serve a copy of the complaint was made by certified mail to a post office box. The service failed and the complaint was returned to the clerk of courts without explanation, meaning none of the possible reasons for nondelivery were checked on the envelope or otherwise indicated. The clerk made no other attempts to serve the complaint through the mail. However, the clerk did cause a notice of the action to be advertised in a local newspaper. Default judgment was later granted against the property owner. The property owner then filed a motion to vacate judgment pursuant *Page 10 
to Civ.R. 60(B). The trial court granted the motion stating that the property owner did not have proper notice. However, upon a motion for reconsideration by the purchasers of the property, the trial court reversed its prior judgment thereby denying the motion to vacate default judgment.
 {¶ 32} On appeal, the Tenth Appellate District reversed the trial court's decision and found that the notice provided was not reasonably calculated to reach the original property owner. Id. It explained that, "the failure of the postal officials to indicate the reason for nondelivery made the Treasurer aware that service reasonably calculated to give interested parties notice could not be presumed to have occurred." Id. It went on to explain that the record in the case contained no evidence "that the notice was ever placed in appellant's post office box, was refused, or was not claimed." Id.
 {¶ 33} The case at hand and Parcels of Land Encumbered with DelinquentTax Liens are factually distinguishable for two reasons.
 {¶ 34} First, in Parcels of Land Encumbered with Delinquent TaxLiens, the post office did not indicate why the certified mail was returned. In this case, the post office did indicate why the certified mail was returned — it was marked "Not Deliverable As Addressed — Unable To Forward — Return To Sender."
 {¶ 35} Second, in Parcels of Land Encumbered with Delinquent TaxLiens, the treasurer made no additional other attempts (other than certified mail) to serve the interested party. In the instant matter, service was additionally attempted through regular mail, which was also returned marked "Not Deliverable As Addressed-Unable To Forward — Return To Sender." Moreover, since there was no change of address card for Keymarket, no further attempts could be made by the post office to deliver the mail. Thus, the regular and certified mail marked "Not Deliverable As Addressed — Unable To Forward — Return To Sender" did not indicate to the treasurer that the notice was not reasonably calculated to apprise Keymarket of the foreclosure action.
 {¶ 36} This Court has found similarly in a case where the regular and certified *Page 11 
mail were returned marked "Attempted Not Known." Jefferson Cty.Treasurer v. Brown, 7th Dist. No. 04 JE 30, 2005-Ohio-2933. Keymarket argues that its case is distinguishable from Brown because it did not refuse its mail or avoid service as was suggested of the taxpayer inBrown. However, that arose as a separate issue concerning the credibility of a postal worker's testimony. The point of Brown was illustrating that Parcels of Land Encumbered with Delinquent TaxLiens was factually distinguishable.
 {¶ 37} Next, Keymarket alleges that Jefferson County officials had actual knowledge of alternative addresses for it. First, it points to a bill from Keymarket to Jefferson County Recycling, presumably for ad spots. The bill indicates that it is from "Keymarket of Ohio, WOGH-FM Froggy 103.5, WSTVAM-WOMP-AM Radio, 320 Market St., Steubenville, OH 43952." (Defendant's Exhibit 2.) Second, it points to a check from the Jefferson County Auditor to "Keymarket of Ohio, LLC, WOGH-FM/WSTV, P.O. Box 1340, Steubenville, OH 43920." (Defendant's Exhibit 2.)
 {¶ 38} There is no evidence in the record to indicate that the Clerk of Court's office in this case had actual knowledge of these addresses. The addresses were kept by offices separate from the Clerk of Court's office — the Jefferson County Recycling office and the Jefferson County Auditor's office. There is no evidence to indicate that these offices shared information or that they were allowed or able to.
 {¶ 39} Moreover, pursuant to R.C. 323.13, it was incumbent on Keymarket to notify the county treasurer in writing of any change in the mailing address of any tax bill. This it failed to do. Where the treasurer complied with R.C. 5721.18 in effecting service and the property owner did not comply with the obligations under R.C. 323.13, it has been held that a trial court did not err in denying the property owner's motion for relief from judgment of foreclosure. J. Terry EvansLicking County Treasurer v. Jallaq (Aug. 22, 1996), 5th Dist. No. 95CA-127.
 {¶ 40} Keymarket also cites Jones v. Flowers (2006), 547 U.S. 220,126 S.Ct. 1708, 164 L.Ed.2d 415 — a recent progeny of Mullane v. CentralHanover Bank Trust Co. (1950), 339 U.S. 306, 314, 70 S.Ct. 652,94 L.Ed. 865, mentioned earlier. *Page 12 
Keymarket cites Jones where the Court stated:
 {¶ 41} "In prior cases, we have required the government to consider unique information about an intended recipient regardless of whether a statutory scheme is reasonably calculated to provide notice in the ordinary case. In Robinson v. Hanrahan, we held that notice of forfeiture proceedings sent to a vehicle owner's home address was inadequate when the State knew that the property owner was in prison.409 U.S., at 40, 93 S.Ct. 30. In Covey v. Town of Somers, 351 U.S. 141,76 S.Ct. 724, 100 L.Ed. 1021 (1956), we held that notice of foreclosure by mailing, posting, and publication was inadequate when town officials knew that the property owner was incompetent and without a guardian's protection. Id., at 146-147, 76 S.Ct. 724.
 {¶ 42} "* * *
 {¶ 43} "Under Robinson and Covey, the government's knowledge that notice pursuant to the normal procedure was ineffective triggered an obligation on the government's part to take additional steps to effect notice. That knowledge was one of the `practicalities and peculiarities of the case,' Mullane, supra, at 314-315, 70 S.Ct. 652, that the Court took into account in determining whether constitutional requirements were met. It should similarly be taken into account in assessing the adequacy of notice in this case." Jones, 547 U.S. at 220,126 S.Ct. 1708, 164 L.Ed.2d 415
 {¶ 44} Keymarket likens its case to Robinson and Covey "because they both involve situations wherein the government technically complied with the applicable statutes for notice despite knowing of the taxpayer's whereabouts or incompetence." Keymarket's reliance on these cases is misplaced. Jones dealt with a situation when the government does nothing more to follow up on mail notice which is returned undeliverable. Here, additional measures are already built into Ohio's statutory scheme, such as additional mailings and notice publication. Robinson andCovey each dealt with situations where the relevant governmental officials had actual notice of special circumstances. As already indicated, such is not the case here. *Page 13 
 {¶ 45} In sum, the notice here was reasonably calculated, under all the circumstances, to apprise Keymarket of the foreclosure action, and that the trial court did not abuse its discretion in denying Keymarket's motion for relief from judgment. The Treasurer complied with the statutory procedures set forth in R.C. 5721.18, including attempts by regular and certified mail, and notice publication. Additionally, the Clerk of Courts verified the address on the deed and searched the local phone book. The Clerk of Courts had no way of knowing of other addresses for Keymarket held by other, separate county agencies, some of which have their information protected under policies of confidentiality.
 {¶ 46} Accordingly, Keymarket's sole assignment of error is without merit.
 {¶ 47} The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
DeGenaro, P.J., concurs.
[1] The difference between the version addressed in In re Foreclosureof Liens and the current version of the statute is that the prior version, in addition to requiring service by publication, required service to be made by ordinary mail. The current version of the statute requires, in addition to service by publication, that service to be made by certified mail. *Page 1