[Cite as *Fantozz v. Timmons*, 2014-Ohio-3626.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY


Jo Dee Fantozz, Erie County Treasurer          Court of Appeals No. E-13-036

      Appellee          Trial Court No. 2012-CV-0186

v.

Nancy L. Timmons, et al.          **DECISION AND JUDGMENT**

      Appellants          Decided: August 22, 2014

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, Vicki R. Palmer and
Jason R. Hinners, Assistant Prosecuting Attorneys, for appellee, Jo Dee Fantozz.

Gerhard R. Gross, for appellee, David Quick.

Barry W. Vermeeren, for appellants.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellants, Nancy L. Timmons and Gregory A. Timmons, appeal

a judgment of the Erie County Court of Common Pleas denying their Civ.R. 60(B)

motion for relief from judgment in an R.C. 5721.18 tax foreclosure action. The Erie County Treasurer (plaintiff-appellee) brought the action against a condominium unit owned by Nancy L. Timmons because of unpaid real property taxes. David Quick, who purchased the unit upon foreclosure sale, is also an appellee. The issue on appeal is whether appellants received proper notice of the foreclosure proceedings.

{¶ 2} The Treasurer filed the foreclosure complaint in the Erie County Court of Common Pleas on March 14, 2012. The complaint alleged that the Nancy Timmons owned the condominium unit in fee simple and that $8,836.85 in unpaid taxes, assessments, charges, penalties and interest were owed on the property. Mrs. Timmons and the "Unknown Spouse, if any, of Nancy L. Timmons" were named as defendants. Appellant Gregory A. Timmons is Mrs. Timmons' spouse. The Pinewood Condominium Building No. 5 Owners Association, Inc. was also named as a defendant.

{¶ 3} A summons and a copy of the complaint were sent on March 15, 2012, to appellants by certified mail to the condominium address. The certified mail was returned to the Clerk of Courts marked by the United States Post Office as "Not Deliverable as Addressed" and "Unable to Forward." The summons and complaint were sent to appellants by ordinary mail to the same address on April 2, 2012. The ordinary mail was returned to the Clerk of Courts on April 9, 2012 marked by the Post Office as "Return to Sender, Attempted-Not Known, Unable to Forward, Return to Sender." Service by publication was made in the Sandusky Register Newspaper on June 1, 8, and 15, 2012.

2.

{¶ 4} The Treasurer filed a motion for default and a motion for summary judgment on August 7, 2012. The trial court granted judgment in foreclosure and ordered sale of the property on September 5, 2012. The property was sold to David Quick on February 5, 2013.

{¶ 5} Appellants filed a Civ.R. 60(B) motion for relief from judgment on March 12, 2013. On motion, David Quick was granted leave to intervene as a plaintiff and filed an intervener's complaint on March 28, 2013. The trial court conducted a hearing on the motion for relief from judgment on April 17, 2013.

{¶ 6} In a judgment journalized on June 18, 2013, the trial court denied appellants' motion for relief from judgment. On July 9, 2013, appellants filed a timely notice of appeal of the judgment to this court.

{¶ 7} Appellants assert one assignment of error on appeal:

**Assignment of Error**

1. The trial court erred when it denied the Timmons' Civ.R. 60(B) motion for relief from all judgments in this case and held that the Timmons' due process rights were not violated for failure to serve them other than by publication.

{¶ 8} The Ohio Supreme Court considered a due process challenge to the notice provisions of a prior version of R.C. 5721.18(B) in the case of *In re Foreclosure of Liens for Delinquent Taxes*, 62 Ohio St.2d 333, 405 N.E.2d 1030 (1980). Following *Mullane v. Central Hanover Bank & Trust, Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950),

3.

the court held that "[d]ue process requires that notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at paragraph one of the syllabus. The court also held that the "notice mechanism provided for in R.C. 5721.18(B)" met those requirements. *Id.* at paragraph two of the syllabus.

{¶ 9} The difference between the current version of R.C. 5721.18(B) and the version considered in *In re Foreclosure of Liens* is the method of service required prior to service by publication. The prior version "in addition to requiring service by publication, required service to be made by ordinary mail. The current version * * * requires, in addition to service by publication, that service to be made by certified mail." *In re Foreclosure of Lien for Delinquent Taxes by Action in Rem*, 7th Dist. Jefferson No. 06-JE-40, 2008-Ohio-1173, ¶ 23, fn. 1. Here the Treasurer attempted service both by certified and ordinary mail prior to proceeding with service by publication.

{¶ 10} The evidence at the Civ.R. 60(B) motion hearing was that Mrs. Timmons purchased the condo in 1996 and that neither she nor her husband ever resided there. Neither provided the county treasurer with a correct tax mailing address as required by R.C. 323.13. Mrs. Timmons testified that she has resided in Michigan for all her life.

{¶ 11} Appellants both testified that they assumed the other had been paying real estate taxes on the condominium. Appellants were delinquent on taxes since 2007. Prior to that, appellants paid their taxes on the condominium through an escrow account as part

4.

of their mortgage payments. When they paid off the mortgage loan, they failed to provide the treasurer their mailing address. The tax mailing address for Mrs. Timmons on the 1996 deed was the condominium address.

{¶ 12} Mrs. Timmons testified that she received monthly bills for condo dues at their residence in Michigan. She paid by check and the check stated their Michigan address. They regularly received mailing from the condominium owners association at their Michigan address. Appellants testified that their neighbors at the condo knew their Michigan address.

{¶ 13} Appellants argue that once attempted mail service disclosed that the appellants were not known at the condominium address and that mail to that address was undeliverable, the Treasurer owed a duty to make reasonable inquiries to find a good mailing address. Appellants contend their correct address was readily ascertainable. They argue that the Treasurer needed only to request their address from the Pinewood Condominium Building No. 5 Owners' Association, a defendant in the foreclosure case.

{¶ 14} Appellees state that the Treasurer made reasonable efforts to secure another mailing address after the failure of service by mail. The search included search of telephone directories and city directories for another address, checking with the post office for additional information, and a check of court records. This included a check of Erie County Probate Court records in the event Mrs. Timmons may have died and an estate filed.

5.

{¶ 15} The answer filed by the owners association did not disclose knowledge of appellants' whereabouts. The answer stated a claimed interest in the property by the association "by virtue of unpaid maintenance fees and assessments owed by the owner." The condominium association served its answer on appellants by mail to the same condominium address where mail service was attempted on the complaint.

{¶ 16} In its decision in *In re Foreclosure of Liens*, the Ohio Supreme Court ruled that "[t]he notice mechanism provided for in R.C. 5721.18(B) is reasonably calculated to give interested parties notice of a pending action." *Id.* at syllabus number two. The court nevertheless, held that under the facts service was insufficient in the case because the county treasurer "had actual knowledge of a different, and, indeed, a changed, residence address" and had failed "to utilize the information obviously within his possession" to provide notice to the taxpayer. *Id.* at 338. In this case, however, there is no evidence that the Treasurer had actual notice of a different address and failed to use that address to provide notice.

{¶ 17} In the decision of *In re Foreclosure of Lien for Delinquent Taxes by Action in Rem*, 7th Dist. Jefferson No. 06-JE-40, 2008-Ohio-1173, the Seventh District Court of Appeals upheld notice in an R.C. 5721.18 tax foreclosure action where certified and ordinary mail service were unsuccessful and the treasurer proceeded with service by publication. *Id.* at ¶ 43-45. The court found that the treasurer complied with R.C. 5721.18 procedures and under the circumstances lacked actual notice of special

6.

circumstances to raise into question sufficiency of service. *Id.* at ¶ 44. The court found that notice was "reasonably calculated, under all the circumstances, to apprise" the property owner of the foreclosure action. *Id.* at ¶ 45.

{¶ 18} In *Lorain County Treasurer v. Schultz,* 9th Dist. Lorain No. 08CA009487, 2009-Ohio-1828, the Ninth District Court of Appeals considered appeal of an R.C. 5721.18 foreclosure judgment on claims that the notice to the property owner was insufficient. Service of the summons and complaint was attempted by both certified mail and ordinary mail. *Id.* at ¶ 2. Both were returned marked as undeliverable and unable to be forwarded. *Id.* The treasurer searched local telephone directories, local city directories, records of the treasurer, records of the county auditor, and records of probate court to locate a current address. *Id.* The trial court approved service by publication.

{¶ 19} Although the property owner contended that a greater search should have been conducted, the court of appeals held that "the Treasurer's attempts at service fell squarely within the requirements of the tax foreclosure statute's notice provisions." *Id.* at ¶ 12. The court ruled that "when the county treasurer complies with the service procedures outlined in R.C. 5721.18, service upon the property owner is valid, particularly in situations where the property owner fails to comply with his obligations set forth in R.C. 323.13." *Id.*

{¶ 20} We conclude that the trial court did not err in overruling appellants' Civ.R. 60(B) motion for relief from the judgments of foreclosure and sale of the condominium property. As the Treasurer lacked actual notice of a different address or of any special

7.

circumstances, we find that the R.C. 5721.18 notice procedures followed complied with the requirements of due process as they were reasonably calculated under the circumstances, to apprise appellants of the pendency of the action and to afford them an opportunity to defend the foreclosure proceeding.

{¶ 21} We find appellants' assignment of error not well-taken.

{¶ 22} We affirm the judgment of the Erie County Court of Common Pleas. We order appellants to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.        

_____
JUDGE

Stephen A. Yarbrough, P.J.      

_____
JUDGE

James D. Jensen, J.        
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.