[Cite as *Bolon v. Bowers*, 2022-Ohio-2648.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

LINDA S. BOLON, TREASURER OF COLUMBIANA COUNTY,

Plaintiff-Appellee,

v.

ALAN BOWERS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 CO 0027**

---

Civil Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2020 DT 33

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Robert Herron,* Columbiana County Prosecutor and *Atty. Krista R. Peddicord,* Columbiana County Assistant Prosecutor, 105 South Market Street, 3rd Floor, Lisbon, Ohio 44432 for Plaintiff-Appellee and

*Atty. Emily White, Atty. Marc E. Dann,* DannLaw, 15000 Madison Avenue, Lakewood, Ohio 44107 for Defendant-Appellant.

Dated:
July 20, 2022

**Donofrio, P. J.**

{¶1}    Defendant-Appellant, Alan Bowers, appeals from a Columbiana County Common Pleas Court judgment denying his motion to vacate the foreclosure judgment and confirmation of sale entered against him and in favor of plaintiff-appellee, Linda S. Bolon, Treasurer of Columbiana County.

{¶2}    Appellant was the owner of the residence and property located at 14387 Seigler Road in Salineville, Ohio (the property).

{¶3}    Appellee filed a complaint against appellant on March 9, 2020, for collection of delinquent taxes owed on the property along with assessments, penalties, interest, foreclosure, and equitable relief.  The complaint listed appellant's address as "P.O. Box 7542, Canton, Ohio 444705" and stated, "Also serve at:  P.O. Box 772 SALEM, OH 44460."  Both notices were returned and marked "returned to sender" and "unable to forward."

{¶4}    Appellee then attempted to serve appellant by publication in the *Farm and Dairy* newspaper.  When appellant did not respond to the notice by publication, appellee filed a motion for default judgment on July 30, 2020.

{¶5}    The trial court granted appellee's motion the next day and entered judgment against appellant in the amount of $10,584.58.  It further stated that unless appellant paid the judgment within three days, his property would be foreclosed upon and would be sold.  Appellant did not pay the judgment and the property was foreclosed upon.  The property was then sold at auction on October 27, 2020.  The court authorized service of a writ of possession by posting it to the door of the residence.  The writ was posted on the door on December 8, 2020 (although it listed "14384" instead of "14387" as the address, it was posted on the correct door).

{¶6}    On April 23, 2021, appellant filed a motion to vacate the judgment against him.  He argued he was never properly served with the summons and complaint and that his first notice of the existence of the lawsuit was an eviction notice on his door.  Appellee filed a response in opposition.

**{¶7}** On July 9, 2021, the trial court denied appellant's motion to vacate. The court stated that pursuant to R.C. 323.13, it is the duty of the tax payer to notify the county treasurer in writing of any change in mailing address of any tax bill. It found appellant did not comply with this statute and, therefore, denied appellant's motion for relief from foreclosure.

**{¶8}** Appellant filed a timely notice of appeal on August 2, 2021. He now raises a single assignment of error for our review.

**{¶9}** Appellant's sole assignment of error states:

THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO VACATE JUDGMENT.

**{¶10}** Appellant argues the trial court should have granted his motion to vacate default judgment. He claims he was never properly served with the complaint and, therefore, the judgment is void. Appellant asserts service by publication in this case was constitutionally inadequate because appellee's efforts to ascertain his address and perfect service were unreasonable. He claims appellee had actual knowledge of his address because he supplied it to appellee months before the commencement of this action when he paid property taxes on an adjacent parcel. Nonetheless, appellant points out, appellee did not attempt to serve him at that address he provided. And he states that his address was listed on his Ohio's driver's license and had been for years. Under these circumstances, appellant argues, the default judgment was void.

**{¶11}** This court applies an abuse of discretion standard when reviewing a trial court's decision on a motion to vacate a void judgment for lack of personal jurisdiction where the question is whether reasonable diligence was exercised before service by publication. *Franks v. Reynolds*, 7th Dist. Belmont No. 21 BE 0004, 2021-Ohio-3247, ¶ 39. Abuse of discretion implies the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶12}** Before the state can take property and sell it, due process requires the state to provide the property owner with notice of the action affecting the property. *In re Foreclosure of Lien for Delinquent Taxes by Action in Rem*, 7th Dist. Jefferson No. 06-

JE-40, 2008-Ohio-1173, ¶ 17. Pursuant to R.C. 5721.18, titled "Foreclosure proceedings on lien of state":

> (B) Foreclosure proceedings constituting an action in rem may be commenced by the filing of a complaint after the end of the second year from the date on which the delinquency was first certified by the auditor. * * *

> (1) Within thirty days after the filing of a complaint, the clerk of the court in which the complaint was filed shall cause a notice of foreclosure substantially in the form of the notice set forth in division (B) of section 5721.181 of the Revised Code to be published once a week for three consecutive weeks in a newspaper of general circulation in the county.

> * * *

> Within thirty days after the filing of a complaint and before the final date of publication of the notice of foreclosure, the clerk of the court also shall cause a copy of a notice substantially in the form of the notice set forth in division (C) of section 5721.181 of the Revised Code to be mailed by certified mail, with postage prepaid, to each person named in the complaint as being the last known owner of a parcel included in it, or as being a lienholder or other person with an interest in a parcel included in it. The notice shall be sent to the address of each such person, as set forth in the complaint, and the clerk shall enter the fact of such mailing upon the appearance docket. If the name and address of the last known owner of a parcel included in a complaint is not set forth in it, the auditor shall file an affidavit with the clerk stating that the name and address of the last known owner does not appear on the general tax list.

{¶13} Pursuant to R.C. 5721.18(A), "foreclosure proceedings shall be instituted and prosecuted in the same manner as is provided by law for the foreclosure of mortgages on land, except that, if service by publication is necessary, such publication shall be made

once a week for three consecutive weeks instead of as provided by the Rules of Civil Procedure[.]"

**{¶14}** The address used to provide notice must be such that a taxpayer may be "reasonably calculated" to be in receipt of the notice. *In re Foreclosure of Liens for Delinquent Taxes*, 62 Ohio St.2d 333, 337, 405 N.E.2d 1030 (1980).

**{¶15}** In support of its judgment, the trial court cited to this court's decision in *In re Foreclosure of Lien for Delinquent Taxes by Action in Rem*, 7th Dist. Jefferson No. 06-JE-40, 2008-Ohio-1173. In that case, the defendant company operated television and radio stations in Jefferson County and purchased property on which it located its antennae for its stations. The county treasurer later filed a complaint seeking foreclosure of the defendant's property based on delinquent taxes. The treasurer mailed notice by ordinary and certified mail to the address listed by the defendant as the tax bill mailing address. Both were returned marked, "Not Deliverable As Addressed-Unable To Forward-Return To Sender." The clerk of courts next searched the local phone book for an address or telephone number for the defendant and found nothing. Finally, notice was attempted by publication in compliance with R.C. 5721.18(B). With no answer from the defendant, the trial court granted default judgment in favor of the treasurer and ordered the sale of the property. The defendant later filed a motion for relief from judgment arguing denial of due process because of inadequate service. It claimed service was not reasonably likely to put it on notice given the circumstances of the case, including that the treasurer had actual knowledge of its location and that other viable addresses for it were readily available by internet research investigation. The trial court denied the motion for relief from judgment determining that the notice procedures set forth under the Ohio Revised Code were followed and that the treasurer was not required to go above and beyond those procedures. The defendant appealed.

**{¶16}** On appeal, this court found there was no dispute that the clerk of courts complied with R.C. 5721.18. *Id.* at ¶ 24. We pointed out that notice was sent by ordinary and certified mail to the P.O. Box address, which was the last known address listed on the general tax list. *Id.* After that mail was returned, the clerk conducted notice by publication. *Id.* We determined that the notice was reasonably calculated, under the circumstances, to apprise the defendant of the foreclosure action. *Id.*

Case No. 21 CO 0027

**{¶17}** The defendant argued that county officials had actual knowledge of alternative addresses for it, pointing to a bill from it to the county recycling office for advertisements and a check from the county auditor to it. *Id.* at ¶ 37. In addressing the defendant's argument, we found:

> There is no evidence in the record to indicate that the Clerk of Court's office in this case had actual knowledge of these addresses. The addresses were kept by offices separate from the Clerk of Court's office-the Jefferson County Recycling office and the Jefferson County Auditor's office. There is no evidence to indicate that these offices shared information or that they were allowed or able to.

> Moreover, pursuant to R.C. 323.13, it was incumbent on Keymarket to notify the county treasurer in writing of any change in the mailing address of any tax bill. This it failed to do. Where the treasurer complied with R.C. 5721.18 in effecting service and the property owner did not comply with the obligations under R.C. 323.13, it has been held that a trial court did not err in denying the property owner's motion for relief from judgment of foreclosure. *J. Terry Evans Licking County Treasurer v. Jallaq* (Aug. 22, 1996), 5th Dist. No. 95CA–127.

*Id.* at ¶¶ 38-39. Because we found that the treasurer complied with R.C. 5721.18, we affirmed the trial court's judgment.

**{¶18}** Likewise, in this case, we find that appellee complied with R.C. 5721.18.

**{¶19}** In support of his motion to vacate, appellant attached his own affidavit where he averred to the following. From October 2006 until December 2020, appellant resided at 14387 Seigler Road. (Bowers Aff. ¶ 2). His home address, 14387 Seigler Road, was listed on his driver's license. (Bowers Aff. ¶ 4, Ex. A). Because the home is in a rural setting, appellant has used a post office box to ensure that he receives all of his mail securely. (Bowers Aff. ¶ 5). From 2000 to 2012, he used P.O. Box 0772, Salem, Ohio. (Bowers Aff. ¶ 6). From 2012 to 2017, he used P.O. Box 7542, Canton, Ohio. (Bowers Aff. ¶ 7). From 2017 to the present, he has used P.O. Box 0208, Tallmadge, Ohio. (Bowers Aff. ¶ 8). From 2019 to the present, he has additionally used P.O. Box

0141, Mogadore, Ohio. (Bowers Aff. ¶ 9). Although he uses post office boxes to receive his mail, appellant also receives packages from FedEx and UPS at his home address. (Bowers Aff. ¶ 10).

**{¶20}** Appellant further averred that in August 2019, he paid property taxes to the county treasurer's office via money order. (Bowers Aff. ¶ 11). The money order listed his mailing address as P.O. Box 0141, Mogadore, Ohio. (Bowers Aff. ¶ 11, Ex, B). The property taxes he paid were for a different parcel of property located at 14323 Seigler Road. (Bowers Aff. Ex. B).

**{¶21}** In response, appellee submitted her affidavit where she averred to the following. Appellant had never provided her office with a written request to change his tax mailing address to P.O. Box 141, Mogadore, Ohio. (Bolon Aff. ¶ 9). From the filing of the complaint to the date of judgment granting foreclosure, her office was not aware that appellant was receiving mail at P.O. Box 0141, Mogadore, Ohio. (Bolon Aff. ¶ 10). From March 9, 2020 to July 31, 2020, employees from her office conducted a records search and found only P.O. Box 772, Salem, Ohio and P.O. Box, 7542 Canton, Ohio as potential addresses for appellant. (Bolon Aff. ¶ 12).

**{¶22}** Appellee also relied on the Affidavit for Service by Publication filed on April 6, 2020, by Assistant Prosecutor Krista Peddicord. Peddicord averred that summons could not be made on appellant because his current residence and all other addresses were unknown and could not be ascertained with reasonable diligence. (Peddicord Aff.). She further averred as to the efforts made on appellee's behalf to ascertain appellant's residence: (1) checking with the treasurer's office; (2) checking available phone books; (3) searching www.whitepages.com; (4) searching www.google.com; (5) checking the county clerk of courts records; (6) checking the county probate court records; and (6) sending notice to appellant's last known address. (Peddicord Aff.).

**{¶23}** Appellant contends that because he listed his return address as P.O. Box 0141, Mogadore, Ohio on money orders he mailed to appellee to pay taxes on a different parcel of property, this constituted written notice to change his mailing address for tax purposes for the property at issue.

**{¶24}** But as appellee argues, her office receives thousands of envelopes, checks, and money orders from property owners paying their taxes. It would be

unreasonable for appellee to assume that appellant intended to permanently change his tax mailing address for the subject property based on a notation on a money order paying taxes on a different parcel of property.

**{¶25}** Pursuant to R.C. 323.13, "[a] change in the mailing address of any tax bill shall be made in writing to the county treasurer." This statute explicitly places the burden on the property owner to inform the county treasurer of any change in the tax billing address. *Jefferson Cty. Treasurer v. Brown*, 7th Dist. Jefferson No. 04 JE 30, 2005-Ohio-2933, ¶ 33. Since the statute placed the burden on appellant to notify appellee in writing of a change in his mailing address, he cannot simply assume that by listing a different return address on a money order for a different property this would constitute the requisite written notice required by the statute.

**{¶26}** And while appellant points out that his driver's license lists his residence address, there is no indication that appellee had access to appellant's driver's license.

**{¶27}** Appellee undertook extensive search efforts to ascertain appellant's address after the two summons she sent were returned as unable to forward. The prosecutor's office, on her behalf, searched county records, phone books, and the internet in an attempt to determine appellant's address. Agreeing with this court, the Ninth District has held, "when the county treasurer complies with the service procedures outlined in R.C. 5721.18, service upon the property owner is valid, particularly in situations where the property owner fails to comply with his obligations set forth in R.C. 323.13." *Lorain Cty. Treasurer v. Schultz*, 9th Dist. Lorain No. 08CA009487, 2009-Ohio-1828, ¶ 12, citing *In re Foreclosure of Lien for Delinquent Taxes by Action in Rem*, at ¶ 39. Here appellee complied with the statutory service procedures and the trial court properly denied appellant's motion to vacate.

**{¶28}** Accordingly, appellant's sole assignment of error is without merit and is overruled.

**{¶29}** For the reasons stated above, the trial court's judgment is hereby affirmed.


Waite, J., concurs.
Robb, J., concurs


Case No. 21 CO 0027

---

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**