[Cite as *In re Foreclosure of Liens & Delinquent Taxes by Action in Rem v. Jaber*, 2023-Ohio-4247.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

IN THE MATTER OF:

THE FORECLOSURE OF LIENS FOR
DELINQUENT LAND TAXES
BY ACTION IN REM,

KATHERINE J. KELICH,
TREASURER OF BELMONT COUNTY,

Plaintiff-Appellee,

v.

JABER, MERWAN M. ET AL.,

Defendants,

CAROL GIVENS,

Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 BE 0007**

---

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 21 TF 4

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, Belmont County Prosecutor's Office, for Plaintiff-Appellee and

Carol Givens, *Pro se*, Appellant.

Dated: November 21, 2023

---

**HANNI, J.**

**{¶1}** Carol Givens (Appellant) appeals the February 16, 2023 order of the Belmont County Court of Common Pleas overruling her "Motion [to] Set Aside-Vacate Prior Court Order; Unwind Objections." The trial court treated this motion as filed pursuant to Civ. R. 60(B) and found that Appellant failed to meet any of the bases for filing the motion. For the following reasons, we affirm the trial court's ruling.

**{¶2}** On June 11, 2021, Appellee filed a complaint in tax foreclosure for delinquent land taxes in the amount of $4,455.93 on 3735 Highland Avenue, Shadyside, Ohio 43947. The complaint was filed as an in rem action under R.C. 5721.18(B) ("Foreclosure Proceedings on Lien of State") and the record owners of the property were identified as Joseph V. and Mary M. Givens. The complaint stated that taxes, penalties, and assessments had not been paid for five consecutive years.

**{¶3}** The Clerk of Belmont County Common Pleas Court was instructed to serve those with an interest in each parcel of land with notice by certified mail as required under R.C. 5721.181(C). Written instructions included serving separate certified mail for Joseph V. and Mary M. Givens in the care of Greg Givens at P.O. Box 117, Bellaire, Ohio 43906. Both mailings were returned as unclaimed on June 28, 2021. Appellee also published a notice of foreclosure on June 18, 2021, June 25, 2021, and July 2, 2021 in *The Times Leader*.

**{¶4}** The court granted Appellee's default judgment on the property on March 18, 2022 and ordered the property sold. A notice of sheriff's sale was published in *The Times Leader* on April 13, 2022, April 20, 2022, and April 27, 2022. John D. Longwell bought the property at a sheriff's sale and the sale was confirmed on June 15, 2022.

**{¶5}** On December 15, 2022, Appellant filed a "Motion [to] Set Aside-Vacate Prior Court Order; Unwind/Objections" in the trial court. Appellant moved to set aside/vacate the foreclosure and sale and to reopen and unwind the sale of the property purchased by Mr. Longwell at the sheriff's sale. Appellant stated that on November 2, 2022, she discovered "fraudulent, deception, and/or extraordinary matters or new information" about the June 15, 2022 court order. She alleged that a "swindle" and "illegal wrangling" occurred that harmed Mary M. and Joseph V. Givens and their heirs and assigns. She asserted that no public auction under the Ohio Revised Code and Local Rule 23 occurred and she was approached by a man at the home who had no papers. She averred that no service of notice occurred and she was stripped of all federal and state rights due to "fraud and deceit," and "without just cause, written notice, or eviction, [sic] caused grand theft of said property."

**{¶6}** Appellant also filed a "Motion for the Court to Take Judicial Notice" of facts in her attached memorandum. The memorandum included a demand for discovery and a notarized affidavit whereby she swore that she has a claim on the property at issue and she witnessed fraud and deceit by Mr. Longwell.

**{¶7}** Appellee filed a response to the motion and Appellant filed a pro se reply brief.

**{¶8}** She repeated allegations of a failure of service of notice and averred that Mr. Longwell surprised her by breaking in her front door and presenting no papers or notices. Appellant stated that she called the "State of Ohio, office of tax liens and collections," and was informed that "NO RECORDS OR NOTICE WAS EVER GIVEN, or STATE/COUNTY RECORDS even EXISTED of any LEGAL NOTICE, lien, or 'collections' by the County of Belmont, or KATHERINE J. KELICH, or the State of Ohio, on Parcel No. 17-00607.000, either upon Joseph V. Givens, Mary M. Givens, Carol Givens, Greg Givens, or any Givens or to public auction in Belmont County, Case No. 21-TF-004, and that NO GIVENS was properly NOTICED, or LEGALLY NOTIFIED of any such Action at ANYTIME."

**{¶9}** Appellant also represented that she discovered new evidence of fraudulent transfers of the property and stated that:

A standing agreement was made with Plaintiff(s), i.e. KATHERINE J. KELICH, on, and after April 9, 202[sic], which is known to be a mistake on the part of the party, to pay any outstanding debts and occurrences related on Parcel NO[sic]. 17-00607-000, with said office, obverting[sic] any foreclosure proceedings, and conditions set forth in Rule 60(B).

This standing arrangement allowed for excusable neglect on the part of the applicable party, since confidence was held in the word of KATHERINE J. KELICH/office to advert[sic] foreclosure proceedings on Parcel No. 17-00607.000, and conditions set forth in Local Rule 23, and Ohio R Civ. P. 60(B), and no notice WAS GIVEN TO THE "last know[sic] owners of the property," Joseph V. Givens and Mary M. Givens, at anytime and neither at P.O. Box 117, Bellaire, OH 43906.  Contrary to the Plaintiff conclusions, the Treasurer DID NOT comply with the notice requirement.

**{¶10}** Appellant repeated her fraud allegations and the lack of record of a proper purchase of the parcel by Mr. Longwell in a public sale.

**{¶11}** On February 16, 2023, the trial court overruled Appellant's motions.  The court rejected Appellant's assertion that the default judgment was void or voidable.  The court agreed with Appellant that no one received actual notice, since certified mail was sent to Joseph V. and Mary M. Givens separately, in care of their grandson, Greg Givens, and all were returned unclaimed.  The court noted that Mary M. Givens predeceased Joseph V. Givens and the will of Joseph V. Givens supposedly bequeathed the property to their grandson, Greg Givens.  The court indicated that Greg Givens attempted to open an estate in probate court, but it was dismissed because he failed to comply with Probate Court orders.  The court further noted affirmance of that dismissal.  The trial court explained that notice by publication was then made, which was authorized and accepted in tax foreclosure actions.  R.C. 5721.18(B).

**{¶12}** As to Appellant's Civ. R. 60(B) motion, the court cited *GTE Automatic Electric, Inc. v. ARC Industries, Inc.* 47 Ohio St.3d 146 (1976), and the three requirements for vacating a judgment: (1) Appellant has a meritorious defense or claim to present if relief is granted; (2) she is entitled to relief under one of the five grounds stated in the

Rule; and (3) the motion is timely. The court held that even if Appellant's motion was timely because she recently discovered the tax sale, she could not demonstrate the other two prongs for vacating the judgment under Civ. R. 60(B). The court held that Appellant would not have a meritorious defense or claim if the judgment was vacated because she was not the real party in interest due to a lack of standing. The court held that the property owners of record were Joseph V. and Mary M. Givens, and the devisee in the will was Greg Givens.

{¶13} The court further found that Appellant failed to establish any of the five bases listed in Civ. R. 60(B): (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation or misconduct of adverse party; (4) satisfaction, release, or vacation of judgment; or (5) any other reason justifying relief from the judgment. The court held that Appellee complied with the statute with its two publications, and did so even though the certified mail to Greg Givens was returned unclaimed.

{¶14} Appellant filed a timely appeal and asserts eight assignments of error. Appellee does not address Appellant's assignments of error individually. Rather, she asserts that the trial court properly denied Appellant's Civ. R. 60(B) motion because she lacked standing to challenge the foreclosure and she met none of the bases identified under that rule to warrant relief.

{¶15} We agree that Appellant lacked standing to file the Civ. R. 60(B) motion in this case. "A non-party lacks standing to file a Civ. R. 60(B) motion to vacate judgment." *In re M.H.*, 6th Dist. Lucas No. L-18-1012, 2018-Ohio-3817, ¶ 15. A party has standing if "(1) [she] has suffered an injury in fact, (2) the injury is traceable to the alleged challenged action, and (3) it is likely that the injury will be redressed by a favorable decision." *Lujan v. Defenders of the Wildlife*, 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

{¶16} The record before us establishes that a title search showed that Joseph V. and Mary M. Givens were the last known record owners of the property. Notices of tax foreclosure were sent by certified mail to Joseph V. and Mary M. Givens in care of Greg Givens, Appellant's son. Greg Givens asserted that he was the heir to the property

through Joseph's will, although he had not properly completed the probate process to transfer the property.

**{¶17}** Appellant admits that she lacks legal title to or ownership of the property, but she claims that she has an interest based on an oral agreement with Mary M. Givens before she died. Appellant is not a party to this action and has failed to establish that she had standing to file the Civ. R. 60(B) motion.

**{¶18}** Even if Appellant could overcome her lack of standing for filing the Civ. R. 60(B) motion, the trial court properly denied the motion. "The standard of review used to evaluate the trial court's decision to deny or grant a Civ.R. 60(B) motion is abuse of discretion." *U.S. Bank Natl. Assoc. v. Smith*, 7th Dist. Mahoning No. 22 MA 0111, 2023-Ohio-1940, ¶ 21, quoting *Paczewski v. Antero Resources Corp.*, 7th Dist. Monroe No. 18 MO 0016, 2019-Ohio-2641, 2019 WL 2722600, ¶ 27. "Abuse of discretion connotes more than an error of judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable." *Smith, supra* at ¶ 21, quoting *Allstate Ins. Co. v. Wilburn*, 7th Dist. Mahoning No. 21 MA 0079, 2022-Ohio-2026, 2022 WL 2161431, ¶ 8.

**{¶19}** Civ. R. 60(B) states that a party may be relieved from final judgment based on:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

**{¶20}** The trial court cited the Rule and held that a movant may prevail on a motion under Civ.R. 60(B) when she shows that:

> (1) the party has a meritorious defense or claim to present if relief is granted;
> (2) the party is entitled to relief under one of the grounds stated in Civ.R.

60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d at 150-151, 351 N.E.2d 113 (1976)(citations omitted).

**{¶21}** The trial court here presumed that Appellant met the timeliness requirement based upon her assertion that she only recently discovered the tax sale. However, the court held that Appellant failed to meet the first and second prongs to prevail on the motion because her lack of standing prevented a meritorious claim or defense and barred any entitlement to relief. The court reiterated that Joseph V. and Mary M. Givens were the record owners of the property and Greg Givens was the devisee of the property per Joseph V. Givens' will. The court considered the possibility of excusable neglect on the part of Greg Givens, but rejected this finding because he was served at a proper address and notice of service was returned unclaimed.

**{¶22}** The trial court also considered Appellant's motion as one to vacate the default judgment as a void judgment. The court agreed with Appellant that no one was served with actual notice of the complaint. However, the court explained that notice was successfully accomplished through publication under R.C. 5721.18(B), which is permissible in tax foreclosure actions. The court explained that Joseph V. and Mary M. Givens were record owners of the property and were served by certified mail in care of Greg Givens. The court noted that the certified mailings were returned unclaimed.

**{¶23}** The court further explained that service by publication was made as required by the statute. The record shows that the Clerk's Office was instructed on June 11, 2021 to publish the notice of foreclosure in *The Times Leader*, a newspaper of general circulation in Belmont County, once per week for three consecutive weeks. The record shows that publication was made on June 18, 2021, June 25, 2021, and July 2, 2021.

**{¶24}** In *Bolon v. Bowers*, 7th Dist. Columbiana No. 20 CO 0027, 2022-Ohio-2648, we held that before the State can foreclose on and sell a property, due process mandates that the State provide notice of actions affecting one's property. *Id.* at ¶ 12, citing *In re Foreclosure of Lien for Delinquent Taxes by Action in Rem*, 7th Dist. Jefferson No. 06 JE 40, 2008-Ohio-1173, ¶ 17. We applied the abuse of discretion standard and upheld a

trial court judgment denying a property owner's motion to vacate a foreclosure judgment and confirmation of sale based on improper service of the complaint. In finding that the treasurer properly complied with notice procedures, we cited to R.C. 5721.18, entitled "Foreclosure proceedings on lien of state," which states in pertinent part that:

> (B)(1) Within thirty days after the filing of a complaint, the clerk of the court in which the complaint was filed shall cause a notice of foreclosure substantially in the form of the notice set forth in division (B) of section 5721.181 of the Revised Code to be published once a week for three consecutive weeks in a newspaper of general circulation in the county.
>
> * * *
>
> Within thirty days after the filing of a complaint and before the final date of publication of the notice of foreclosure, the clerk of the court also shall cause a copy of a notice substantially in the form of the notice set forth in division (C) of section 5721.181 of the Revised Code to be mailed by certified mail, with postage prepaid, to each person named in the complaint as being the last known owner of a parcel included in it, or as being a lienholder or other person with an interest in a parcel included in it. The notice shall be sent to the address of each such person, as set forth in the complaint, and the clerk shall enter the fact of such mailing upon the appearance docket. * * *

{¶25} Appellee here complied with the statute and the trial court did not abuse its discretion in finding that proper service was completed. Accordingly, the trial court did not abuse its discretion by denying Appellant's Civ. R. 60(B) motion.

{¶26} In sum, Appellant lacked standing to file a Civ. R. 60(B) motion or motion to vacate the judgment in this case because she failed to establish legal ownership, title, or interest in the property at issue. In any event, the trial court did not abuse its discretion in denying her Civ. R. 60(B) motion or motion to vacate a void judgment.

{¶27} Moreover, even if we addressed Appellant's individual assignments of error, they lack merit. In her first assignment of error, Appellant asserts:

Case No. 23 BE 0007

**Trial court abused its discretion in treatment and dismissal of Complaint for reasons and prejudices stated in arbitrary and unique orders to Defendant Givens alone, so denying due process of law and the equal protection of law required to the Defendant, Carol Givens, in violation of the U.S. Bill of Rights, and Article I of the Constitution of the State of Ohio, Judicial Cannons.. [sic]**

{¶28} Appellant's sole support and argument for this assignment of error states that:

The Trial Court erred in the determination that the "estate was dismissed because Greg Givens failed to comply with the Probate Court's Orders", and is a matter of further appeals in a court of competent jurisdiction, that may void any "dismissal." The Trial Court abused its discretion by conclusions not backed by fact, or in evidence.

{¶29} Even if the trial court erred in inserting this into the judgment entry, it does not negate Appellant's failure to demonstrate that she had standing to challenge the default judgment, foreclosure, or sale. It also does not negate the same for the court's Civ. R. 60(B) judgment.

{¶30} Accordingly, this assignment of error lacks merit.

{¶31} Appellant's second assignment of error states:

**Trial Court abused its discretion, and in failure to adhere to, and obey Ohio Statute, Higher Court Opinions, Determination, Mandates of the Ohio Supreme Court, and District Court Opinions, issued accordingly, and in accordance with law.**

{¶32} Appellant cites a host of cases and states that lower courts must obey the mandates of higher courts, and asserts that the trial court did not act in "good faith" and in accord with Ohio Supreme Court and Ohio statutes' mandates. She contends that good faith is necessary to ensure due process and a fair trial, she cites to "trial within a trial" standards, and she contends that the trial court made conclusions not supported by fact or evidence in discussing Appellee's compliance with publication notice in "c/o of

Greg Givens." She further asserts that the court erred by stating that it found her motion to vacate untimely because "this was the time that the Trial Court personally protected John Longwell, the Obligor, from prosecution, from offenses against the property, heirs, and possession, contrary to Ohio law."

**{¶33}** These assertions are without merit. While lower courts must follow the mandates of higher courts and Ohio statutes in general, Appellant fails to explain how the trial court did not do so in this case. And again, even if the trial court erred by discussing the unsuccessful attempt of Greg Givens to open a probate estate, this does not negate Appellee's compliance with the publication and certified mail statutes for the property in this case. It also does not negate the trial court's proper holding that Appellant failed to establish standing to challenge the proceedings in this case.

**{¶34}** While Appellant also cites to cases involving excusable neglect, inadvertence, or surprise, she does not explain how this applies in the instant case, especially when she lacks standing to challenge the actions in this case. Nor does Appellant attempt to explain how Greg Givens' unclaimed mail demonstrates excusable neglect, inadvertence, or surprise.

**{¶35}** Appellant further asserts that Appellee and the trial court offered no evidence of a public auction, as required under Local Rule 23. However, the record shows that a Notice of Sheriff's Sale of Real Estate was filed on April 5, 2022. This notice indicated a public auction and listed the properties to be sold, including the property in this case. A Proof of Publication was also filed indicating that the notice of sheriff's sale was published in *The Times Leader* on April 13, 2022, April 20, 2022, and April 27, 2022.

**{¶36}** Accordingly, this assignment of error lacks merit.

**{¶37}** In her third assignment of error, Appellant asserts:

**Trial Court erred in dismissal of Complaint for reasons NOT presented by Defendant(s), in Motion to Dismiss, or by Summary Judgment.**

**{¶38}** Appellant appears to contend that the trial court erred by dismissing her "complaint" and could not adjudicate her Civ. R. 60(B) motion without a motion to dismiss or motion for summary judgment brought by Appellee.

**{¶39}** This assertion lacks merit. The complaint in this case was brought by Appellee for foreclosure. Appellant's motion was not a "complaint," but was a Civ. R. 60(B) motion to vacate the judgment issued in Appellee's favor.

**{¶40}** Accordingly, this assignment of error lacks merit.

**{¶41}** In her fourth assignment of error, Appellant asserts:

**Trial Court abused its discretion in arbitrary rulings and sua sponte opinions directed to the Clerks against Plaintiff, without hearing or opportunity for inquiry as to Plaintiff, who is seventy-five years of ages[sic], on a walker, and required by implication, court order for Plaintiff to court, more than Twelve (12) miles away from the Courtroom, subjecting physical requirement of Plaintiff, prior to objections, discovery, or Trial, not similarly imposed upon the Defendant, John Longwell, depriving Plaintiff of fundamental rights over to the favor of the Defendant, and contrary against the Plaintiff's First Amendment to the U.S. Constitution and the due process of Law, and as rights guaranteed by Article I of the Ohio State Constitution, U.S. Constitution, and the Cannon[sic] of Judicial Cannon[sic] and conduct, and in determination of costs against Plaintiff.**

**{¶42}** Appellant appears to contend that the trial court judge violated Judicial Canons by failing to recuse himself from the case because he was an outspoken critic of Greg Givens and of his political associations with opponents of the "Plaintiff." She complains that the trial court judge refused pleadings on the subject matter and excluded her filings without a hearing or without allowing her an opportunity to inquire. She also complains that the court subjected her to coming to court while not requiring John Longwell to do the same.

**{¶43}** Appellant presents no more than general assertions without support. Further, John Longwell was not required to appear before the court in this case. There is no deprivation of notice or opportunity to be heard for Appellant in this case as she lacked standing to file any pleading.

**{¶44}** Accordingly, this assignment of error lacks merit.

Case No. 23 BE 0007

**{¶45}** In her fifth assignment of error, Appellant asserts:

**The Trial Court erred in its failure and duty to recuse, holding each and every case of the Plaintiff, and lacking random straw poll of judges.**

**{¶46}** Appellant asserts that the judge had a duty to recuse himself from the instant case because he held "each and every case of the Plaintiff, and lacking random straw poll [sic] of judges."

**{¶47}** This assignment is meritless as Appellant fails to identify the cases to which she refers and she identifies "Plaintiff," which is the Treasurer in this case.

**{¶48}** Accordingly, this assignment of error lacks merit.

**{¶49}** In Assignment of Error Number Six, Appellant asserts:

**The Trial Court erred in its failure and duty to correct judgment in favor of Plaintiff, and adhere to Local Rule 23 of the Belmont County Court, Common Pleas in its rulings.**

**{¶50}** Appellant presents a number of issues under this assignment of error. She asserts that Appellee offered no evidence of a public auction as required by law and the Clerk did not attempt certified mail service on either her or Greg Givens. Appellant asserts that the court erred by finding that Mary M. Givens died on March 26, 2007 "wherein the rights of Mary M. Givens, were never addressed or adjudicated." She further contends that the court abused its discretion by finding that she was unable to prove any of the five bases for Civ. R. 60(B).

**{¶51}** This assignment lacks merit. The publication of the notice of a sheriff's sale is present in the record. It shows that the notice was published in *The Times Leader* on three separate dates.

**{¶52}** The court agreed that neither Appellant nor Greg Givens received actual service. This is correct since Appellant lacked any demonstrated interest in the property that would have entitled her to notice of any kind, and Greg Givens was sent certified mail and it was returned unclaimed, as demonstrated by the record in this case. Thus, while she neither received "actual" notice, Appellant was not required to be served with notice

Case No. 23 BE 0007

and Greg Givens was mailed certified notice. Further, Appellee complied with the certified mail provision and the publication provision under R.C. 2751.18.

**{¶53}** Regarding the date of death date for Mary M. Givens, this has no relevance to the judgment entry in this case.

**{¶54}** Accordingly, this assignment of error lacks merit.

**{¶55}** In her seventh assignment of error, Appellant asserts:

**Trial Court abused its discretion by conclusions of law not backed in fact, or in evidence.**

**{¶56}** Appellant asserts that the trial court erred in taxing costs to her. Civ. R. 54(D) provides that costs may be assessed to the prevailing party unless another civil rule or statute provides otherwise. No such rule or statute appears to provide otherwise. Moreover, it is in the trial court's discretion to award costs to the prevailing party and costs do not include attorney fees. Civ. R. 54(D); *Muze v. Mayfield*, 61 Ohio St.3d 173, 175, 573 N.E.2d 1078 (1991).

**{¶57}** Accordingly, this assignment of error lacks merit.

**{¶58}** In the eighth assignment of error, Appellant asserts:

**Trial Court abused its discretion by joinder, and in dismissal of Belmont County Court, Common Pleas, cases 21-TF-0004 with 22-CV-0331, and in conclusions of law not backed in fact, or in evidence**.

**{¶59}** Appellant adds little to this assignment of error, except to state that the court erred "by joinder as 'prejudicial'" and she cites *State v. Torres*, 66 Ohio St.3d 340, 421 N.E.2d 1288 (1981).

**{¶60}** There is no joinder of the underlying case with 22 CV 00331 in Belmont County. That case is Appellant's complaint against John Longwell, and has been separately appealed under Case Number 23-BE-0008. The trial court judgment in that case was entered on February 17, 2023 and dismissed Appellant's complaint against Mr. Longwell with prejudice due to lack of standing and failure to follow the court's previous orders to remedy her complaint or file a voluntary notice of dismissal.

Case No. 23 BE 0007

**{¶61}** The instant appeal is from the trial court's judgment in Belmont County Case Number 21-TF-0004, which overruled Appellant's motion to vacate the sale of property owned by Joseph V. and Mary M. Givens that was foreclosed upon and sold based upon a default judgment issued by the court for failure to respond to a notice of foreclosure. The court issued judgment overruling Appellant's motion to vacate on February 16, 2023.

**{¶62}** Accordingly, this assignment of error lacks merit and is overruled.

**{¶63}** For these reasons, all of Appellants' assignments of error lack merit and the judgment of the trial court is affirmed.

Robb, J., concurs.

D'Apolito, P.J, concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**